**Lavely L. BROWN**

v.

**George M. LITTLE, et al.**

Court of Appeals of Tennessee, Western Section, at Nashville.

Assigned on Briefs June 17, 2009.

July 20, 2009.

Application for Permission to Appeal Denied by Supreme Court Jan. 25, 2010.

Lavely L. Brown, Wartburg, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter, and Michael E. Moore, Solicitor General, Kellena Baker, Assistant Attorney General, Nashville, Tennessee, for appellees, Tennessee Department of Correction; George M. Little, Commissioner; J. Adkinson, Corporal; Mark Turney, Sergeant; James S. Fortner, Warden; Nicky Jordan, Sergeant.

## OPINION

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

This appeal involves a petition for writ of certiorari filed by a state prisoner. The prison's disciplinary board found that the prisoner failed to provide a urine sample for drug testing. The prisoner filed a petition for common law writ of certiorari in Hickman County Chancery Court. The trial court granted the petition, and respondents filed a copy of the disciplinary board's record. On respondent's motion, the trial court reviewed the record and found no evidence that the disciplinary board acted illegally, fraudulently, or arbitrarily. Finding no error in the trial court's determination, we affirm.

## Background

Appellant Lavely L. Brown ("Petitioner") was an inmate at the Turney Center Industrial Prison ("TCIP") in Hickman County, Tennessee. On February 25, 2008, Petitioner was given a "reasonable suspicion" drug screen by TCIP correctional officers. He was provided eight ounces of water but could not produce a urine sample adequate for laboratory testing. Petitioner was therefore charged with "refusal/attempt to alter a drug screen."

A disciplinary hearing on the charge was held before the prison's disciplinary board on February 28, 2008. The board found Petitioner guilty and imposed a $4.00 fine, a written reprimand, and a six month visitation suspension. Petitioner appealed the board's decision to TCIP Warden James Fortner and Tennessee Department of Correction ("TDOC") Commissioner George Little. Both affirmed the conviction and punishment.

On May 23, 2008, Petitioner filed a Petition for Common Law Writ of Certiorari in Hickman County Chancery Court. The petition asked the court to review the actions taken by the disciplinary board. Specifically, Petitioner alleged that he had, in fact, provided a urine sample to Corporal J. Adkinson, a TCIP guard. In support of this allegation, Petitioner relies on two disciplinary reports. The first, dated February 25, 2008, states that Petitioner could not provide an adequate urine sample. The second, dated February 28, 2008, states that Petitioner's urine had "field tested positive for cocaine and THC." Petitioner alleged that the TCIP officers devi-

ated from TDOC policy by failing to send the positive urine sample to a laboratory for further analysis.

Petitioner also asserted that the disciplinary board improperly denied Petitioner's request to present the testimony of Jared Hinson, another TCIP officer. According to Petitioner's witness request form, Mr. Hinson would have testified that Petitioner did not provide enough urine for laboratory testing but that the small sample did test positive for THC and cocaine in the field. Petitioner alleged that the board violated TDOC procedures by failing to complete a form citing the specific reason why Mr. Hinson's testimony was not heard.

Finally, Petitioner alleged that Sergeant Mark Turney, another TCIP officer, acted as both an investigator and the chairperson of the disciplinary board in Petitioner's case. Petitioner asserted that this violated TDOC policy and his right to have an impartial hearing officer preside over his disciplinary proceeding.

The State, as Respondent, did not oppose the Petition, and the trial court entered an order granting the petition for writ of certiorari on July 9, 2008. After filing the administrative record of the disciplinary proceeding, the State, on October 14, 2008, filed a motion for judgment on the record. Petitioner then filed a response asserting that there were genuine issues of material fact still in question.

On November 18, 2008, the trial court entered its order granting the State's motion for judgment on the record. The court found that Petitioner's conviction for failure to provide an adequate urine sample was supported by a preponderance of the evidence. The court also found that the disciplinary board did not deviate from TDOC policy by failing to hear the testimony of Petitioner's requested witness. Specifically, the court found that the fail-

ure to call the witness did not prejudice Petitioner because the board had the witness's written statement. Finally, the court found that Petitioner's allegations of bias, even if accepted as true, were only minor deviations from TDOC policy that did not affect the board's decision.

Petitioner appeals and raises four issues, as stated in his brief, for review:

1) Whether the Petitioner stated a claim upon which relief can be granted under the common law writ of certiorari?

2) Whether the trial court erred in deciding the case with a record that is not complete and/or void of evidence?

3) Whether the order granting Respondent's motion for judgment on the record was adequate?

4) Whether the board acted arbitrarily?

Law and Analysis

■■■ The proper vehicle for challenging a prison disciplinary action is the common law writ of certiorari. *Rhoden v. State Dep't of Corr.*, 984 S.W.2d 955, 956 (Tenn.Ct.App.1998). When the trial court granted the petition for writ of certiorari, it simply issued a command "to the inferior tribunal or administrative agency to send the record made before the agency in the proceeding to the court for review...." *Gore v. Tenn. Dep't of Corr.*, 132 S.W.3d 369, 375 (Tenn.Ct.App.2003). Once the administrative record has been filed, "the reviewing court may proceed to determine whether the petitioner is entitled to relief without any further motions, and if the court chooses, without a hearing." *Jackson v. Tenn. Dep't of Corr.*, No. W2005–02240–COA–R3–CV, 2006 WL 1547859, at *3 (Tenn.Ct.App. June 8, 2006). Although Petitioner's pleadings focus on genuine issues of material fact, the trial court was not required to review the State's motion as one for summary judgment under Tenn.

R. Civ. P. 56. *See Jeffries v. Tenn. Dep't of Corr.*, 108 S.W.3d 862, 868 (Tenn.Ct. App.2002).

■■■ After a petition for the common law writ of certiorari is granted, the scope of judicial review is narrow:

> It covers only an inquiry into whether the Board has exceeded its jurisdiction or is acting illegally, fraudulently, or arbitrarily[.] Conclusory terms such as "arbitrary and capricious" will not entitle a petitioner to the writ. At the risk of oversimplification, one may say that it is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached. If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review.

*Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn.Ct.App.1994) (internal citations omitted). Accordingly, "[a]bsent a showing of some illegality or arbitrariness in the proceedings, a dispute over the outcome of a prison disciplinary hearing does not state a claim for writ of certiorari." *Meeks v. Traughber*, No. M2003–02077–COA–R3–CV, 2005 WL 280746, *3 (Tenn.Ct.App. Feb. 4, 2005). The reviewing court also looks to whether the record contains any material evidence to support the board's findings. *Jackson v. Tenn. Dep't of Corr.*, No. W2005–02240–COA–R3–CV, 2006 WL 1547859, at *3 (Tenn.Ct.App. June 8, 2006) (citing *Watts v. Civil Serv. Bd. of Columbia*, 606 S.W.2d 274, 276–77 (Tenn.1980)).

■■ We first address whether the trial court reviewed a complete copy of the administrative record of the disciplinary hearing. Petitioner asserts that the disciplinary board failed to record the testimony of the reporting official, Corporal Adkinson, in the "Disciplinary Report Hearing Summary." Specifically, the

hearing summary notes that Corporal Adkinson testified via speaker phone, and in the "Description of Physical Evidence" paragraph, states simply, "Cpl. Adkinson, see CR–1831." Petitioner asserts that form CR–1831 was not included in the record. Although we agree that the record does not contain form CR–1831, the disciplinary board did include a brief recitation of Corporal Adkinson's testimony. Specifically, the disciplinary summary states that "[Cpl. Adkinson] testified that urine sample was not given by [Petitioner] in the amount enough to be tested." Accordingly, we find that the administrative record was complete and that this issue is without merit.

■■■ We next address whether the evidence preponderates against the trial court's finding that the TCIP disciplinary board did not act illegally, fraudulently, or arbitrarily. Here, Petitioner makes several allegations that the disciplinary board failed to follow the TDOC Uniform Disciplinary Procedures. As stated by the Tennessee Supreme Court with regard to the Uniform Disciplinary Procedures, "[i]f the Tennessee Department of Correction were to violate its own policies to such a degree that it administered punishment without a reliable determination of guilt such a violation would be without legal authority and an abuse of discretion." *Willis v. Tenn. Dep't of Corr.*, 113 S.W.3d 706, 714 (Tenn. 2003). However, "[n]ot every departure from the Uniform Disciplinary Procedures amounts to a due process violation warranting relief through a writ of common-law certiorari." *Jeffries*, 108 S.W.3d at 873. The court, in *Jeffries*, outlined the circumstances under which a procedural error would warrant judicial relief:

> Tenn. Dep't Corr. Policy No. 502.01(V) itself provides that "minor deviations" from the procedures that do not prejudice the prisoner do not require dismiss-

al of the disciplinary offense. To trigger judicial relief, a departure from the Uniform Disciplinary Procedures must effectively deny the prisoner a fair hearing. *Id.* With these rules in mind, we now turn to Petitioner's specific allegations in this case.

Petitioner alleges that the disciplinary board failed to prove his guilt by a preponderance of the evidence as required by TDOC Policy No. 502.01(IV)(I). The record, however, indicates that two witnesses—both Corporal Adkinson and Officer Hinson—provided evidence that Petitioner failed to provide an adequate urine sample. The trial court found that this evidence supported the disciplinary board's finding that Petitioner failed to provide a urine sample within two hours of the officer's request. We do not find evidence in the record contradicting this determination. Furthermore, the reviewing court is not permitted to re-weigh the evidence, but "must affirm the Board's decision if there is any material evidence to support it." *Pirtle v. Tenn. Dep't of Corr.,* No. W2006–01220–COA–R3–CV, 2007 WL 241027, at *5 (Tenn.Ct.App. Jan. 30, 2007). Therefore, we find this issue without merit.

■ Petitioner alleges that the disciplinary board violated TDOC Policy No. 502.01(VI)(L)(4)(c)(6), which provides an inmate "[t]he right to present the testimony of relevant witness(es)" at a disciplinary hearing. Furthermore, Petitioner asserts that the disciplinary board failed to "record ... specific reasons for not permitting the attendance of a witness requested by an inmate," as required by TDOC Policy No. 502.01(VI)(L)(4)(d). The trial court found that the "failure to document reasons for the denial of the witness request did not substantially prejudice [Petitioner] because witness statement [of Officer Hin-son] provided the testimony Petitioner wished to introduce at the hearing." Petitioner asserts—correctly—that the board did not have the witness statement of Officer Hinson. Instead, the disciplinary board had Petitioner's witness request form, which included a brief summary of Officer Hinson's expected testimony.

Although the trial court slightly misstated the facts on this issue, we find that Petitioner was not substantially prejudiced by the disciplinary board's deviation from TDOC policy. The summary of Officer Hinson's expected testimony states that Petitioner provided a small amount of urine which tested positive for THC and cocaine but was insufficient for laboratory testing. Petitioner's claim that Officer Hinson would have provided exculpatory testimony is therefore incorrect. From Petitioner's own summary, it appears that Officer Hinson's testimony would have simply confirmed the testimony of Corporal Adkinson. Accordingly, we affirm the trial court's finding that Petitioner was not substantially prejudiced by the board's deviation from procedure on this issue.

■ For similar reasons, we find that Petitioner's allegation that the urine sample was improperly destroyed is without merit. Petitioner points to TDOC Policy Nos. 506.21(VI)(A)(5)(b) and (VI)(C)(3) which require all positive urine samples to be forwarded to a laboratory for confirmation. Officer Hinson's testimony summary, however, indicates that the urine sample was inadequate and that laboratory testing would be useless. Furthermore, the failure to send the sample to a laboratory did not deprive Petitioner of evidence related to this charge. Accordingly, we find that this deviation from TDOC policy was minor and not prejudicial to Petitioner.

Petitioner also alleges that the disciplinary board violated TDOC Policy No. 502.01(VI)(A)(5)(b), which provides that "[n]o employee shall be permitted to sit on the panel of the board hearing a given case if ... he/she participated directly in the investigation." Specifically, Petitioner asserts that Sergeant Turney violated that policy by acting as an investigator and as the chairperson of the disciplinary board. The trial court found that this issue was without merit because Petitioner failed to assert any facts showing that Sergeant Turney acted as an investigator in this case or that Petitioner was denied an impartial hearing. Likewise, we are unable to find any evidence in the record indicating that Sergeant Turney participated in the investigation. We are also unable to find any evidence of bias on Sergeant Turney's part in his role as the disciplinary board's chairperson.

Finally, Petitioner asserts that he was prejudiced by the disciplinary board's failure to provide him a copy of the disciplinary hearing summary as required by TDOC Policy No. 502.01(VI)(L)(4)(o). Specifically, Petitioner argues that this deviation from policy prevented him from understanding the disciplinary board's reasoning and conclusion. The trial court, however, found that, even accepting the truth of the allegation, Petitioner could not show how this minor deviation affected his conviction. The trial court also found that Petitioner was not prejudiced because he was able to appeal his conviction to both the TCIP Warden and the TDOC Commissioner. Having reviewed the record, we agree with the trial court's determination that Petitioner could not show how that deviation caused him substantial prejudice. Petitioner's administrative appeals indicate that he had a thorough understanding of the facts and circumstances of his conviction. Without some showing of prejudice,

we cannot find that this deviation from TDOC policy was so great that it entitles Petitioner to judicial relief.

For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Appellant Lavely L. Brown and his surety.