IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Submitted on Briefs March 23, 2010


**LINNELL RICHMOND**

**v.**

**TENNESSEE DEPARTMENT OF CORRECTION**


**Appeal from the Chancery Court for Davidson County**
**No. 08-1737-II     Carol L. McCoy, Chancellor**

---

**No. M2009-01276-COA-R3-CV - Filed April 29, 2010**

---

This appeal involves subject matter jurisdiction over a petition for a writ of certiorari. The petitioner inmate was convicted of a disciplinary offense by the Department of Correction disciplinary board. The inmate timely filed a petition in the trial court, challenging the legality of the board's decision. The petition was not sworn. The respondent Department of Correction filed a motion to dismiss for failure to comply with the statutory verification requirement for such a petition. Subsequently, after the limitations period had lapsed, the petitioner inmate filed a motion to amend the petition to satisfy the verification requirement. The trial court found that it did not have subject matter jurisdiction to adjudicate the motion to amend and dismissed the petition. The petitioner now appeals. We affirm.


**Tenn. R. App. P. 3 Appeal as of Right; Decision of Trial Court Affirmed**


HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and J. STEVEN STAFFORD, J., joined.

Petitioner/Appellant Linnell Richmond, Henning, Tennessee, pro se

Robert E. Cooper, Jr., Attorney General and Reporter, Michael E. Moore, Solicitor General, and Mark A. Hudson, Nashville, Tennessee, for the Respondent/Appellee, Tennessee Department of Correction

# OPINION

## FACTS AND PROCEDURAL HISTORY

Petitioner/Appellant Linnell Richmond ("Mr. Richmond") is an inmate in the custody of the Respondent/Appellee Tennessee Department of Correction ("Department"). At all times pertinent, Mr. Richmond was housed at the Brushy Mountain Correctional Complex in Petros, Tennessee. Mr. Richmond asserts that he has been involuntarily held in administrative segregation since January 2006.

On March 14, 2008, Mr. Richmond was charged with the disciplinary offense of sexual harassment. On May 22, 2008, the Department disciplinary board conducted a hearing on the charge. Mr. Richmond was found guilty of the offense. Thereafter, Mr. Richmond exhausted his administrative appeals, with no success. On June 24, 2008, the Commissioner of the Department of Correction, George Little, upheld the disciplinary board's decision.

On August 6, 2008, Mr. Richmond filed a petition for a common law writ of certiorari in the Davidson County Chancery Court ("trial court"). In the petition, Mr. Richmond alleged that the Department disciplinary board had violated his due process rights by failing to provide him with certain requested documents prior to the board's hearing, give him a meaningful explanation for its finding of guilt, allow live testimony at the board's hearing, and allow him to present exculpatory evidence. Mr. Richmond also asserted that the disciplinary board officers who conducted his hearing were not impartial. On these grounds, Mr. Richmond sought reversal of the decision of the Department disciplinary board and expungement of the offense from his record.

On the last page of the petition, Mr. Richmond signed his name. The petition, however, did not include a statement verifying that the contents of the petition were true, and was not notarized.

On December 11, 2008, the Department filed a motion to dismiss[1] Mr. Richmond's petition pursuant to Rules 12.02(1) and (6) of the Tennessee Rules of Civil Procedure.[2] In the motion

---

[1]The record indicates that the Department did not file an answer to the petition.

[2]Rule 12.02 of the Tennessee Rules of Civil Procedure states:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader
>
> (continued...)

to dismiss, the Department argued that the filing of Mr. Richmond's petition was ineffective to stop the running of the applicable statute of limitations because it was not verified as required by Tennessee Code Annotated § 27-8-104.[3] Thus, the Department asserted that Mr. Richmond's petition should be dismissed as time-barred.

On December 22, 2008, Mr. Richmond filed a "Declaration" informing the trial court that since December 16, 2008, he had sought the services of a notary public, to no avail. On December 31, 2008, Mr. Richmond filed his response to the Department's motion to dismiss, a motion to amend his petition to add language verifying its contents. Mr. Richmond sought to add to his petition the following sentence: "Petitioner Linnell Richmond declare[s] under penalty of perjury that the petition's [sic] are true and correct . . .."[4]

On June 1, 2009, the trial court entered an order adjudicating the Department's motion to dismiss and Mr. Richmond's motion to amend. In the order, the trial court noted that, although Mr. Richmond's original petition was filed within sixty days of the Department's administrative decision as required by Tennessee Code Annotated § 27-9-102,[5] the petition

---

[2](...continued)
> be made by motion in writing: (1) lack of jurisdiction over the subject matter, . . . (6) failure to state a claim upon which relief can be granted, . . ..

TENN. R. CIV. P. 12.02(1), (6).

[3] Tennessee Code Annotated § 27-8-104 provides in pertinent part:

> The judges of the inferior courts of law have the power, in all civil cases, to issue writs of certiorari to remove any cause or transcript thereof from any inferior jurisdiction, on sufficient cause, supported by oath or affirmation.

T.C.A. § 27-8-104(a) (2000).

[4]Subsequently, Mr. Richmond filed another motion to amend seeking to add to his petition for review the Department disciplinary board's decisions on three other charges. Mr. Richmond also sought summary judgment on his petition.

[5]Tennessee Code Annotated § 27-9-102 provides:

> Such party shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court of any county in which any one (1) or more of the petitioners, or any one (1) or more of the material defendants reside, or have their principal office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, the respects in which the petitioner claims the order or judgment is erroneous, and praying for an accordant review.

(continued...)

-3-

lacked the required verification statement. The trial court characterized Mr. Richmond's motion to amend as "the pivot upon which this case turns." Because Mr. Richmond's motion to amend was filed after the sixty-day limitations period had expired, the trial court concluded that it did not have subject matter jurisdiction over the case and could not grant the motion to amend. Accordingly, the trial court dismissed the petition.

Mr. Richmond now appeals.

### ISSUES ON APPEAL AND STANDARD OF REVIEW

In his appellate brief, Mr. Richmond argues the substantive issues asserted in his petition for a writ of certiorari. However, because the trial court concluded that it did not have subject matter jurisdiction and dismissed Mr. Richmond's petition, on appeal, we must likewise address the issue of subject matter jurisdiction.

Whether a court possesses subject matter jurisdiction is a question of law. *Sw. Williamson County Cmty. Ass'n v. Saltsman*, 66 S.W.3d 872, 876 (Tenn. Ct. App. 2001). We review the trial court's conclusions of law *de novo*, giving them no presumption of correctness. *Mimms v. Mimms*, 234 S.W.3d 634, 637 (Tenn. Ct. App. 2007) (citing *Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996); *Presley v. Bennett*, 860 S.W.2d 857, 859 (Tenn. 1993)).

### ANALYSIS

"Subject matter jurisdiction concerns the authority of a particular court to hear a particular controversy." *Meighan v. U.S. Sprint Commc'ns Co.*, 924 S.W.2d 632, 639 (Tenn. 1996) (citing *Landers v. Jones*, 872 S.W.2d 674 (Tenn.1994)). Subject matter jurisdiction pertains "to the right of the court to adjudicate, or to make an award through the remedies provided by law upon facts proved or admitted in favor of, or against, persons who are brought before the court under sanction of law." *Brandy Hills Estates, LLC v. Reeves*, 237 S.W.3d 307, 314-15 (Tenn. Ct. App. 2006) (quoting 17 Tennessee Jurisprudence, Jurisdiction § 2 (1994)). Unless it had subject matter jurisdiction, the trial court was without authority to rule on Mr. Richmond's petition.

The common law writ of certiorari is the proper mechanism for challenging a prison disciplinary action. *Brown v. Little*, No. M2008-02644-COA-R3-CV, 2009 WL 2166061, at *2 (Tenn. Ct. App. July 20, 2009), *perm. app. denied* Jan. 25, 2010 (citing *Rhoden v. State*

---

[5](...continued)
T.C.A. § 27-9-102 (2000).

***Dep't of Corr.***, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998)). A petition for a writ of certiorari must be filed within sixty days of the entry of the judgment of which the petitioner seeks review. T.C.A. § 27-9-102 (2000); ***Blair v. Tenn. Bd. of Prob. & Parole***, 246 S.W.3d 38, 40 (Tenn. Ct. App. 2007). "Failure to file the petition within this time limit results in the challenged judgment becoming final, which deprives a reviewing court of jurisdiction over the matter." ***Blair***, 246 S.W.3d at 40 (citing ***Wheeler v. City of Memphis***, 685 S.W.2d 4, 6 (Tenn. Ct. App. 1984)).

In addition to being timely filed, a petition for a writ of certiorari must be verified in accordance with Article 6, Section 10 of the Tennessee Constitution[6] and Tennessee Code Annotated § 27-8-104(a). ***Stephenson v. Town of White Pine***, No. 03A01-9705-CH-00185, 1997 WL 718974, at *1 (Tenn. Ct. App. Nov. 13, 1997). "The petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ." T.C.A. § 27-8-106 (2000). To " 'verify' means '[t]o prove to be true; to confirm or establish the truth or truthfulness of.' " ***Montague v. State***, No. E2000-01330-CCA-R3-PC, 2001 WL 1011464, at *1 (Tenn. Crim. App. Sept. 4, 2001) (quoting BLACK'S LAW DICTIONARY 1561 (6th ed. 1990)). Verification serves to "establish[] the truth of the document's contents" and prevents the petitioner from filing a "petition which knowingly contain[s] frivolous, false, and even perjured allegations or statements of facts." ***Id.*** at *1-2 (quoting ***D.T. McCall & Sons v. Seagraves***, 796 S.W.2d 457, 463 (Tenn. Ct. App.1990)). Accordingly, a petition that fails to meet the verification requirement must be dismissed. ***See Bowling v. Tenn. Bd. of Paroles***, No. M2001-00138-COA-R3-CV, 2002 WL 772695, at *3 (Tenn. Ct. App. Apr. 30, 2002), *no perm. app.* (citing ***Depew v. King's, Inc.***, 276 S.W.2d 728, 729 (Tenn. 1955); ***Rhea County v. White***, 43 S.W.2d 375, 378 (1931); ***Drainage Dist. No. 4 of Madison County v. Askew***, 196 S.W. 147, 148 (1917)).

In this case, it is undisputed that Mr. Richmond's petition for a writ of certiorari was filed within sixty days of the final administrative decision on his disciplinary offense. It is also undisputed that this petition was neither verified nor notarized. Well after the sixty-day limitations period had lapsed, Mr. Richmond filed a motion to amend his petition to meet the

---

[6] Article 6, Section 10 of the Tennessee Constitution provides:

> The Judges or Justices of the Inferior Courts of Law and Equity, shall have power in all civil cases, to issue writs of certiorari to remove any cause or the transcript of the record thereof, from any inferior jurisdiction, into such court of law, on sufficient cause, supported by oath or affirmation.

TENN. CONST. art. VI, § 10.

verification requirement. Thus, the issue on appeal is whether the trial court erred in concluding that it lacked subject matter jurisdiction to rule on the motion to amend the original petition for a writ of certiorari.

The same issue was presented in *Blair v. Tenn. Bd. of Prob. & Parole*, 246 S.W.3d 38 (Tenn. Ct. App. 2007). In *Blair*, the inmate petitioner sought review of the decision of the respondent parole board not to grant parole. The inmate filed a petition for a writ of certiorari within sixty days of the final administrative decision, but did not include a sworn verification statement. *Id.* at 39. The parole board filed a motion to dismiss, based on the omission of the verification statement; the motion also asserted failure to state a claim for which relief can be granted. The inmate then filed a motion to amend his petition to satisfy the verification requirement. The trial court ultimately granted the inmate's motion to amend, but then dismissed the petition based on failure to state a claim. The inmate appealed. *Id.* at 40.

On appeal, the *Blair* Court noted that subject matter jurisdiction was predicated on timely filing as well as satisfaction of the verification requirement. *Id.* at 40-41 (citing *Wheeler v. City of Memphis*, 685 S.W.2d at 4, 6 (Tenn. Ct. App. 1984)). The appellate court observed that "[n]either the trial court nor the appellate court acquires jurisdiction over the petition unless it is verified." *Id.* at 41 (citing *Depew v. King's Inc.*, 276 S.W.2d 728, 729 (Tenn. 1955); *Drainage Dist. No. 4 of Madison County v. Askew*, 196 S.W. 147, 148 (Tenn. 1917)). After reviewing the chronology of the pleadings, the appellate court held that once the sixty-day limitations period lapsed without the filing of a petition that satisfied the verification requirement, the trial court no longer had subject matter jurisdiction to grant the inmate's motion to amend. *Id.* Thus, it concluded that the trial court erred by exercising jurisdiction over the petition, and dismissed the petition for lack of subject matter jurisdiction. *Id.*

As in *Blair*, Mr. Richmond timely filed a petition for a writ of certiorari that did not satisfy the verification requirement. Similar to *Blair*, Mr. Richmond filed a motion to amend his petition after expiration of the sixty-day limitations period. Based on *Blair*, we must conclude that the trial court did not err in dismissing Mr. Richmond's petition for lack of subject matter jurisdiction.

**CONCLUSION**

The decision of the trial court is affirmed. The costs of this appeal are taxed to Appellant Linnell Richmond, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE