IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned September 26, 2013

# REGINALD TUTTON v. TENNESSEE BOARD OF PROBATION AND PAROLE, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 12390II      Carol L. McCoy, Chancellor**

---

**No. M2012-02513-COA-R3-CV - Filed December 18, 2013**

---

Inmate was serving a 47-year sentence for rape and attempted first degree murder. Inmate had a parole hearing in 2011, when he had 19 years of his sentence left to serve. Parole was denied, and Inmate's next parole hearing was scheduled to take place six years later. Inmate challenged Parole Board's decision to defer his next parole hearing for six years. The trial court held the Board acted lawfully in deferring Inmate's next parole hearing for six years. We affirm the trial court's judgment on appeal. Board members serve for staggered six-year terms, and Inmate will not be denied the opportunity for new Board members to review his request for parole six years from the date of his last hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Reginald Tutton, Henning, Tennessee, *Pro Se.*

Robert E. Cooper, Jr., Attorney General and Reporter, Bill Young, Solicitor General, Jennifer L. Brenner, Senior Counsel, Nashville, Tennessee, for the appellees, Tennessee Board of Probation and Parole, *et al.*

## OPINION

Reginald Tutton is an inmate of the Tennessee Department of Correction who is serving time for raping and stabbing a woman in June 1991. Mr. Tutton was convicted of attempted first-degree murder and rape and was sentenced to serve 47 years in prison. Mr.

Tutton's sentence expiration date is November 8, 2030.

On August 25, 2011, Mr. Tutton had a parole hearing before a member of the Tennessee Board of Probation & Parole (the "Board"). Following the hearing, the Board voted not to grant Mr. Tutton parole based on the seriousness of Mr. Tutton's crimes and the members' beliefs that continued treatment in prison would enhance Mr. Tutton's ability to lead a law-abiding life once he was released from incarceration.[1] The Board set Mr. Tutton's next parole hearing for August 2017, which was six years later.

Mr. Tutton appealed the Board's decision, which the Board denied in December 2011. Mr. Tutton then filed a Petition for Common-Law Writ of Certiorari, naming as defendants the Tennessee Board of Probation and Parole as well as the individual members of the Board who voted against his parole and voted to defer his next parole hearing until six years had passed. Mr. Tutton alleged the Board (1) exceeded its jurisdiction by deferring his next parole hearing for six years; and (2) acted illegally and arbitrarily when it put off his next parole consideration for longer than one year.

The trial court granted Mr. Tutton's writ, and the Board filed a certified record of Mr. Tutton's parole hearing proceedings in accordance with Tenn. Code Ann. § 27-9-109. The parties filed briefs, and the trial court issued its ruling in a written order dated October 22, 2012. The trial court upheld the Board's decision denying Mr. Tutton's parole and deferring his next parole hearing for six years.

Mr. Tutton appealed the trial court's judgment. Mr. Tutton does not appeal the Board's denial of his parole. His appeal is limited to the Board's decision deferring his next parole hearing for six years. Mr. Tutton argues the Board exceeded its jurisdiction and acted illegally and arbitrarily in putting off his next hearing for six years.

After a trial court grants a petition for the common law writ of certiorari, the scope

---

[1]Tennessee Code Annotated § 40-35-503(b) provides that release on probation is "a privilege and not a right" and that no inmate convicted shall be granted parole if the Board finds that:

. . . .

(2) The release from custody at the time would depreciate the seriousness of the crime of which the defendant stands convicted or promote disrespect for the law; . . . or

(4) The defendant's continued correctional treatment, medical care or vocational or other training in the institution will substantially enhance the defendant's capacity to lead a law-abiding life when given release status at a later time.

of its judicial review is narrow:

> It covers only an inquiry into whether the Board has exceeded its jurisdiction or is acting illegally, fraudulently, or arbitrarily . . . . [I]t is not the correctness of the decision that is subject to judicial review, but the manner in which the decision is reached. If the agency or board has reached its decision in a constitutional or lawful manner, then the decision would not be subject to judicial review.

*Brown v. Little*, 341 S.W.3d 275, 279 (Tenn. Ct. App. 2009) (quoting *Powell v. Parole Eligibility Review Bd.*, 879 S.W.2d 871, 873 (Tenn. Ct. App. 1994)).

Mr. Tutton relies on two portions of a section of the Tennessee statute relating to probation, paroles, and pardons to argue that he is entitled to a parole hearing each year. The portions Mr. Tutton relies on state:

> (a) The board [of parole] is hereby vested and charged with those powers and duties necessary and proper to enable it to fully and effectively carry out this chapter, including, but not limited to:
>
> . . . . .
>
> (3) The authority to develop and implement guidelines for granting or denying parole, which guidelines shall be reviewed and reevaluated by the board at least annually and copies of the guidelines shall be provided to the governor, the commissioner of correction and the appropriate standing committees of the general assembly;
>
> . . . . .
>
> (11) The duty to adopt written long-range goals and objectives. The goals and objectives shall be reaffirmed or changed, as appropriate, by the board at least once each year.

Tenn. Code Ann. § 40-28-104(a)(3), (11).

Mr. Tutton contends that since the Board is responsible for reviewing and reevaluating its guidelines for granting parole each year and for reviewing its long-range goals and objectives each year, it necessarily follows that he, as an inmate, is entitled to a parole hearing each year as well.

Mr. Tutton cites the case *Baldwin v. Tennessee Bd. of Paroles*, 125 S.W.3d 429 (Tenn. Ct. App. 2003), in support of his argument. The inmate in *Baldwin* was denied parole in 2001, and the Board set his next parole hearing for a date twenty years later. *Id.* at 430-31. The inmate filed a petition for writ of certiorari in which he challenged the Board's decision to make him wait twenty years for his next parole hearing.

The *Baldwin* court noted that Board members are appointed to serve six-year staggered terms, Tenn. Code Ann. § 40-28-103(c), and that because of this length of a member's term

> the effect of the twenty-year deferral is not only to preclude reconsideration of Mr. Baldwin's case by the members of the panel that declined to parole him, or by the other members of the current Board, but also to prevent the members of the Board that may be sitting in the years 2005, 2010, 2015 or 2020 from even making an initial consideration of whether Mr. Baldwin could be a suitable candidate for parole. Under the panel's ruling, it is possible that the entire membership of the Board can completely turn over more than once before his case comes up for decision once again.

*Baldwin*, 125 S.W.3d at 434. Thus, the *Baldwin* court held, "the Board's decision was an arbitrary withdrawal of the power to parole from future Board members and . . . a twenty-year deferral would undermine the very provisions of the parole statutes that empower the Board to grant parole." *Id.*

Contrary to Mr. Tutton's suggestion, the *Baldwin* court did not determine that inmates are entitled to parole hearings each year. Rather, *Baldwin* merely held that twenty years was too long to require an inmate to wait between parole hearings based on the term limits of the Board members.

Following *Baldwin*, the Court of Appeals has had the opportunity to determine whether requiring an inmate to wait six years between parole hearings was arbitrary or illegal. *York v. Tennessee Bd. of Probation and Parole*, 2007 WL 1541360 (Tenn. Ct. App. May 25, 2007). The inmate in *York* was denied parole following a hearing held in January 2005, and the Board scheduled his next hearing to take place in January 2011. *Id.* at *1. Mr. York filed a petition for writ of certiorari, as Mr. Tutton did here, in which he argued the Board acted arbitrarily in deferring his next parole hearing for six years. *Id.*

In *York*, the Court of Appeals held that "the Petitioner's six-year parole hearing deferral fulfills the spirit and the letter of *Baldwin*." *Id.* at *5. The court continued:

-4-

Parole Board members' appointments are for six-year terms made on a staggered schedule so that the Board consists of new and experienced members. As the *Baldwin* court noted, "the seven Board members are appointed for staggered six-year terms, after which they are eligible for (but not necessarily entitled to) reappointment."

*Id.* at \*5 (*quoting Baldwin*, 125 S.W.3d at 434); *see Berleue v. Tennessee Bd. of Probation and Parole*, 2006 WL 1540255, at \*4 (Tenn. Ct. App. June 5, 2006) (holding that five years is not too long for an inmate to wait between parole hearings because "a five year lapse does not undermine the parole statutes or the Board's power to parole").

Mr. Tutton cites nothing in the Board's rules, the statutes governing the Board, or the case law that supports his argument that the statute requiring the Board to review its parole rules annually has any effect on how often an inmate's parole hearings are held. We are not aware of anything in the rules, statutes, or case law supporting his position. The *York* opinion is directly on point, however. Therefore, based on *York*, we affirm the trial court's judgment that the Board did not act arbitrarily or illegally in setting Mr. Tutton's next parole hearing six years from the date of his last hearing in 2011.

In addition to arguing the Board acted arbitrarily and illegally, Mr. Tutton contends the Board exceeded its jurisdiction when it scheduled his next parole hearing six years into the future. In making this argument, Mr. Tutton relies on the same statute requiring the Board to review its guidelines, objectives, and goals on an annual basis. Tenn. Code Ann. § 40-28-104(a)(3), (11). As discussed above, Mr. Tutton has not convinced us that the statute on which he relies has anything to do with the Board's role in setting hearings to determine an inmate's opportunity for parole.

Contrary to Mr. Tutton's suggestion, the Board is expressly charged with prescribing the place and time of its meetings, and to schedule hearings as necessary to discharge its duties. Tenn. Code Ann. § 40-28-105(b). Section (d)(2) of this statute provides:

The chair of the board may designate individual members of the board of probation and parole and appoint hearing officers who shall be authorized to conduct hearings, take testimony and make proposed findings of fact and recommendations to the board regarding a grant, denial, revocation or rescission of parole. The findings and recommendations shall be reduced to writing and reviewed by board members who shall adopt, modify or reject the recommendations.

Neither the statute nor the rules promulgated by the Board specify when the Board is

required to set hearings to determine an inmate's parole, but the statute is clear the Board is authorized (and directed) to conduct hearings, either by Board members directly or through the appointment of hearing officers. Implicit in the statute is the authority to schedule the hearings themselves.

Having already determined the Board did not act arbitrarily or illegally in scheduling Mr. Tutton's next parole hearing six years from the date of his last parole hearing, we conclude the Board did not exceed its jurisdiction by setting his next parole hearing to take place in August 2017.

The judgment of the trial court is affirmed. Costs shall be taxed to the appellant, Reginald Tutton.

_____
PATRICIA J. COTTRELL, JUDGE