IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 1, 2018

## J.Y. SEPULVEDA v. TENNESSEE BOARD OF PAROLE

**Appeal from the Chancery Court for Davidson County**
**No. 17-1154-III     Ellen Hobbs Lyle, Chancellor**

_____

### No. M2018-00601-COA-R3-CV

_____

In this matter involving a petition for writ of certiorari filed by a self-represented petitioner, the trial court dismissed the petition for lack of subject matter jurisdiction. Determining that the petitioner failed to properly verify the truth of the contents of his petition in accordance with the requirements of Article VI, Section 10 of the Tennessee Constitution and Tennessee Code Annotated § 27-8-104(a), we affirm the dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which ANDY D. BENNETT, J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Edward C. Miller, Dandridge, Tennessee, for the appellant, J.Y. Sepulveda.

Herbert H. Slatery, III, Attorney General and Reporter; Andrée Sophia Blumstein, Solicitor General; and Pamela S. Lorch, Senior Assistant Attorney General, for the appellee, Tennessee Board of Parole.

### OPINION

#### I.  Factual and Procedural Background

The petitioner, J.Y. Sepulveda, filed a *pro se* petition for writ of certiorari in the Davidson County Chancery Court ("trial court") on October 25, 2017.  Mr. Sepulveda, who is an inmate at the Bledsoe County Correctional Complex, alleged that he had been wrongfully denied parole by the Tennessee Board of Parole ("the Board") on August 22,

2017. Mr. Sepulveda concomitantly filed a notarized affidavit with his petition, in which he stated that he had "personal knowledge of matters contained in this affidavit and verified petition" and had "reviewed the foregoing, verified the Petition and aver that the facts and allegations stated therein[.]"

On October 30, 2017, the trial court entered an order stating that Mr. Sepulveda had not complied with the requirements of Tennessee Code Annotated § 41-21-801, *et seq.*, because he had, *inter alia*, failed to file a duplicate summons and failed to file the inmate affidavit required by Tennessee Code Annotated § 41-21-805. Following additional filings by Mr. Sepulveda, the trial court entered an order on December 11, 2017, recognizing that Mr. Sepulveda had complied with all requirements of Tennessee Code Annotated § 41-21-801, *et seq.*, other than the filing of a certified copy of his inmate trust account. Mr. Sepulveda was granted additional time, until January 19, 2018, to comply with this requirement.

The Board subsequently filed a motion to dismiss on January 16, 2018, asserting that Mr. Sepulveda's petition should be dismissed because he had failed to state that it was the first application for a writ of certiorari and because the petition was not properly verified.[1] Thereafter, Mr. Sepulveda filed an amendment to his petition on January 29, 2018, stating that the petition was his first application for a writ of certiorari. In his amendment, Mr. Sepulveda also averred that the petition was properly verified but supplied no additional information or verification.

On March 1, 2018, the trial court entered an order granting the Board's motion to dismiss. In this order, the trial court stated in pertinent part as follows:

> The Petition for Judicial Review filed October 25, 2017 does not state that it is the first application for the writ. Also, the Petition states only that, "I have reviewed the foregoing, verified the Petition and aver that the facts and allegations state therein." The Petitioner does not verify that the allegations stated in the petition are true and correct.
>
> Article 6, Section 10 of the Tennessee Constitution and Tennessee Code Annotated section 27-8-104(a) require that a petition for common law writ of certiorari be verified. *Jackson v. Tennessee Department of Correction*, 240 S.W.3d 241, 244-45 (Tenn. Ct. App. 2006); *Wilson v. Tennessee Department of Correction*, W2005-00910-COA-R3-CV, 2006 WL 325933 at *3 (Tenn. Ct. App. Feb. 13, 2006). Further, Tennessee Code

---

[1] On appeal, the Board has abandoned any argument regarding Mr. Sepulveda's failure to state that his petition was the first application for a writ. We will, therefore, focus solely on the issue of whether Mr. Sepulveda's petition was properly verified.

Annotated section 27-8-106 requires that the petition state that it is the first application for the writ. *Jackson, supra* at 245-46; *Wilson, supra* at **3-4; *Bowling v. Tennessee Board of Paroles*, M2001-00138-COA-R3-CV, 2002 WL 772695 at *3 (Tenn. Ct. App. April 30, 2002). Verification means to verify that the allegations in the petition are true and correct. *Jackson, supra* at 244 ("'[V]erify' means 'to prove to be true; to confirm or establish the truth or truthfulness of'"). Petitioner fails to confirm the truthfulness of the allegations.

A court lacks subject matter jurisdiction over a petition for common law writ of certiorari which is not verified and does not state that it is the first application for the writ. *Jackson, supra* at 245-46; *Wilson, supra* at *4; *Bowling, supra* at *3 (citing *Depew v. Kings, Inc.*, 197 Tenn. 569, 571, 276 S.W.2d 728, 729 (1955); *Rhea County v. White*, 163 Tenn. 388, 397, 43 S.W.2d 375, 378 (1931); *Drainage Dist. No. 4 of Madison County v. Askew*, 138 Tenn. 136, 137, 196 S.W. 147, 148 (1917)).

Thus, in this case, the absence of a verification and statement that the Petition is the first application for a writ must be dismissed based upon the foregoing law which holds that this Court lacks subject matter jurisdiction.

The trial court thereby dismissed the petition for lack of subject matter jurisdiction. Mr. Sepulveda timely appealed.

## II. Issue Presented

Mr. Sepulveda presents the following issue for our review, which we have restated slightly:

Whether the trial court erred in dismissing the petition for writ of certiorari based on lack of subject matter jurisdiction.

## III. Standard of Review

As our Supreme Court has previously explained regarding review of a motion to dismiss for lack of subject matter jurisdiction:

A motion to dismiss for lack of subject matter jurisdiction falls under Tennessee Rule of Civil Procedure 12.02(1). The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy

3

brought before it. *See Meighan v. U.S. Sprint Communications Co.*, 924 S.W.2d 632, 639 (Tenn. 1996); *Standard Sur. & Casualty Co. v. Sloan*, 180 Tenn. 220, 230, 173 S.W.2d 436, 440 (1943). Subject matter jurisdiction involves the nature of the cause of action and the relief sought, *see Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994), and can only be conferred on a court by constitutional or legislative act. *See Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977); *Computer Shoppe, Inc. v. State*, 780 S.W.2d 729, 734 (Tenn. Ct. App. 1989). Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness. *See Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

*Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000).

In addition, this Court has previously explained as follows concerning parties who proceed self-represented:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003).

## IV. Verification of Petition

Mr. Sepulveda avers that the trial court erred by dismissing his petition for writ of certiorari for lack of proper verification because he filed a notarized affidavit with his petition. This affidavit provided:

> I have personal knowledge of matters contained in this affidavit and verified petition.

4

I am the petitioner herein name and I am entitled to the relief requested herein.

I have reviewed the foregoing, verified the Petition and aver that the facts and allegations stated therein

FURTHER AFFIANT SAYETH NOT.

The affidavit was signed by Mr. Sepulveda and notarized by a notary public.

As this Court has previously explained regarding a common law writ of certiorari and subject matter jurisdiction:

> The common law writ of certiorari is the proper mechanism for challenging a prison disciplinary action. *Brown v. Little*, No. M2008-02644-COA-R3-CV, 2009 WL 2166061, at *2 (Tenn. Ct. App. July 20, 2009), *perm. app. denied* [(Tenn. Jan. 25, 2010)] (citing *Rhoden v. State Dep't of Corr.*, 984 S.W.2d 955, 956 (Tenn. Ct. App. 1998)). A petition for a writ of certiorari must be filed within sixty days of the entry of the judgment of which the petitioner seeks review. T.C.A. § 27-9-102 (2000); *Blair v. Tenn. Bd. of Prob. & Parole*, 246 S.W.3d 38, 40 (Tenn. Ct. App. 2007). "Failure to file the petition within this time limit results in the challenged judgment becoming final, which deprives a reviewing court of jurisdiction over the matter." *Blair*, 246 S.W.3d at 40 (citing *Wheeler v. City of Memphis*, 685 S.W.2d 4, 6 (Tenn. Ct. App. 1984)).
>
> In addition to being timely filed, a petition for a writ of certiorari must be verified in accordance with Article 6, Section 10 of the Tennessee Constitution and Tennessee Code Annotated § 27-8-104(a). *Stephenson v. Town of White Pine*, No. 03A01-9705-CH-00185, 1997 WL 718974, at *1 (Tenn. Ct. App. Nov.13, 1997). . . . Accordingly, a petition that fails to meet the verification requirement must be dismissed. *See Bowling v. Tenn. Bd. of Paroles*, No. M2001-00138-COA-R3-CV, 2002 WL 772695, at *3 (Tenn. Ct. App. Apr. 30, 2002), *no perm. app.* (citing *Depew v. King's, Inc.*, 197 Tenn. 569, 276 S.W.2d 728, 729 (Tenn. 1955); *Rhea County v. White*, 163 Tenn. 388, 43 S.W.2d 375, 378 (1931); *Drainage Dist. No. 4 of Madison County v. Askew*, 138 Tenn. 136, 196 S.W. 147, 148 (1917)).

*Richmond v. Tenn. Dep't of Corr.*, No. M2009-01276-COA-R3-CV, 2010 WL 1730144, at *3 (Tenn. Ct. App. Apr. 29, 2010) (footnote omitted).

Mr. Sepulveda argues in his appellate brief that his affidavit, filed concomitantly with his petition, served as adequate verification of the petition. We note, however, that Mr. Sepulveda's affidavit is not sufficient merely because it is notarized. As this Court has frequently explained, in order for a common law writ of certiorari to be valid, "the petitioner must verify the contents of the petition and swear to the contents of the petition under oath, typically by utilizing a notary public." *See Jackson v. Tenn. Dep't of Corr.*, 240 S.W.3d 241, 244 (Tenn. Ct. App. 2006); s*ee also* Tenn. Const. art. VI, § 10; Tenn. Code Ann. § 27-8-104, -106 (2017). This Court has also frequently explained that "[n]otarization and verification are distinct concepts." *Jackson*, 240 S.W.3d at 244; *Wilson v. Tenn. Dep't of Corr.*, No. W2005-00910-COA-R3-CV, 2006 WL 325933, at \*3 (Tenn. Ct. App. Feb. 13, 2006). Notarization "'acknowledges the proper execution of a document.'" *Jackson*, 240 S.W.3d at 244 (quoting *D.T. McCall & Sons v. Seagraves*, 796 S.W.2d 457, 462-63 (Tenn. Ct. App. 1990)). Verification, on the other hand, "'establishes the truth of the document's contents . . . .'" *See Jackson*, 240 S.W.3d at 244 (quoting *Underwood v. Tenn. Dep't of Corr.*, No. W2004-01630-COA-R3-CV, 2005 WL 123501, at \*2 (Tenn. Ct. App. Jan. 20, 2005)).

As our sister court, the Tennessee Court of Criminal Appeals, has explained concerning the distinction between verification and notarization:

> Discussion of verified documents usually arises in the context of analysis of properly acknowledged documents. In Tennessee, acknowledged documents are ones which have been notarized by a notary public or acknowledged in the presence of an official. *See generally* Cohen, Tennessee Law on Evidence § 9.02[10] (4th ed. 2000). As defined in Black's Law Dictionary, "verify" means "[t]o prove to be true; to confirm or establish the truth or truthfulness of." Black's Law Dictionary 1561 (6th ed. 1990). Black's further explains, as an example of verification, that "a verified complaint typically has an attached affidavit of plaintiff to the effect that the complaint is true." *Id*. There is no doubt that the essence of a verification is truthfulness of the document's contents. As Judge Koch explained in an opinion from the Court of Appeals, "[a]n acknowledgment establishes the proper execution of the document while a verification establishes the truth of the document's contents." *D.T. McCall & Sons v. Seagraves*, 796 S.W.2d 457, 463 (Tenn. Ct. App. 1990) (recognizing a distinction in Tennessee between an acknowledgment and a verification); *see also Varner v. Brown*, No. 03A01-9405-CV-00171, 1994 WL 666902, at \*2 (Tenn. Ct. App. 1994) (discussing the difference between an acknowledged document and a verified document for purposes

of self-authentication pursuant to Rule 902(8) of the Tennessee Rules of Evidence).

*Montague v. State*, No. E2000-01330-CCA-R3-PC, 2001 WL 1011464, at *1 (Tenn. Crim. App. Sept. 4, 2001). The Court of Criminal Appeals further elucidated that "merely swearing to having knowledge of the allegations contained in the petition is insufficient to qualify as a verification under oath. To conclude otherwise would allow a petitioner to file a petition which knowingly contained frivolous, false, and even perjured allegations or statements of facts." *Id*. at *2.

This Court has likewise explained that the "sworn and notarized statement accompanying the petition [for writ of certiorari] must declare that the petition's allegations are true to the best of the petitioner's knowledge." *Cason v. Little*, No. W2007-01910-COA-R3-CV, 2008 WL 2065194, at *3 (Tenn. Ct. App. May 15, 2008) (citing *Adams v. Tenn. Dep't of Corr.*, No. M2005-00471-COA-R3-CV, 2007 WL 1574277, at *2 (Tenn. Ct. App. Apr. 13, 2007) (in turn citing *Bowling v. Tenn. Bd. of Paroles*, No. M2001-00138-COA-R3-CV, 2002 WL 772695, at *3 (Tenn. Ct. App. Apr. 30, 2002))). As such, a purported verification that does not establish the truth of the petition's contents will not suffice. *See Best v. Tenn. Dep't of Corr.*, No. M2016-00513-COA-R3-CV, 2016 WL 5724895, at *3 (Tenn. Ct. App. Sept. 30, 2016), *perm. app. denied* (Tenn. Jan. 19, 2017); *Drumbarger v. State Bd. of Prob. and Parole*, No. M2011-00086-COA-R3-CV, 2012 WL 184422, at *2 (Tenn. Ct. App. Jan. 20, 2012).

For example, in *Best*, the petitioner utilized the word, "Verified," in the title of his notarized petition for writ of certiorari and also included the language, "Petitioner prays that this Court will . . . [take] the contents of this Petition . . . as being true." *See Best*, 2016 WL 5724895, at *3. This Court held that the petitioner had not verified his petition in accordance with the requirements of Tennessee Code Annotated § 27-8-104(a) and that the trial court had properly dismissed the petition. *Id*. Similarly, in *Drumbarger*, the petitioner included language in his notarized petition for writ of certiorari that he "verif[ied] that the preceding petition submitted ha[d] been placed therewith to the best of [his] knowledge and understanding . . . ." *See Drumbarger*, 2012 WL 184422, at *1. This Court agreed with the trial court's determination that the petition was not properly verified because the petitioner's statement did not "establish the truth of the document's contents." *Id*. at *2.

Likewise, in this case, Mr. Sepulveda failed to affirm that the contents of his petition were true. Because of this failure, Mr. Sepulveda's petition did not comply with the requirements of Article VI, Section 10 of the Tennessee Constitution and Tennessee Code Annotated § 27-8-104(a). *See Richmond*, 2010 WL 1730144, at *3. Accordingly, we conclude that the trial court properly dismissed Mr. Sepulveda's petition for lack of

subject matter jurisdiction. *See id.*; *see, e.g., Johnson v. South Cent. Corr. Facility Disciplinary Bd.*, No. M2012-02601-COA-R3-CV, 2013 WL 4803565, at *7 (Tenn. Ct. App. Sept. 6, 2013); *Stewart v. Tenn. Bd. of Prob. and Parole*, No. M2007-01425-COA-R3-CV, 2008 WL 2743606, at *3 (Tenn. Ct. App. July 11, 2008).

## V. Conclusion

For the foregoing reasons, we affirm the trial court's dismissal of Mr. Sepulveda's petition due to lack of proper verification. Costs on appeal are taxed to the appellant, J.Y. Sepulveda.

_____
THOMAS R. FRIERSON, II, JUDGE