Walter BLAIR

v.

**TENNESSEE BOARD OF
PROBATION AND
PAROLE.**

Court of Appeals of Tennessee,
Western Section, at Nashville.

Assigned on Briefs May 29, 2007.

July 27, 2007.

Permission to Appeal Denied by
Supreme Court Dec. 17, 2007.

Walter Blair, appellant, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter, Michael E. Moore, Solicitor General, and Joshua D. Baker, Assistant Attorney General, for the appellee, Tennessee Board of Probation and Parole.

## OPINION

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

This appeal involves a petition for writ of certiorari challenging the denial of parole. The petitioner inmate was serving time for second-degree murder. After his first parole hearing, the petitioner was denied parole due to the seriousness of his offense. His next parole hearing was deferred for four years. The petitioner filed an unsworn petition for certiorari against the parole board, challenging the legality of its decision. The board filed a motion to dismiss for failure to comply with the verification requirement for a writ of certiorari. The petitioner then filed a motion to amend his petition to comply with the verification requirement. The petitioner's motion to amend was granted, but the trial court dismissed the petition for failure to state a claim upon which relief can be granted. The petitioner now appeals. We affirm, concluding that, at the time the trial court dismissed the petition for failure

to state a claim, it did not have subject matter jurisdiction over the matter because the petition was not verified within the sixty-day period for filing a sworn petition.

Petitioner/Appellant Walter Blair ("Blair") is an inmate in the custody of the Tennessee Department of Correction. Blair is at the Northwest Correctional Complex in Tiptonville, Tennessee, where he is serving a forty-five-year sentence for second-degree murder. He has been incarcerated since December 21, 1991.

On August 4, 2005, Blair had an initial parole hearing before the Respondent/Appellee Tennessee Board of Probation and Parole ("Parole Board"), an agency of the State of Tennessee. The Parole Board refused to grant Blair parole due to the seriousness of the offense for which he had originally been incarcerated. The Parole Board also deferred Blair's next parole hearing for four years. Blair's administrative appeal of the Parole Board's decision was denied, and he was notified of that denial on February 28, 2006.

On April 13, 2006, Blair filed the instant petition for common-law writ of certiorari against the Parole Board. In his petition, Blair asserted that the "seriousness of the offense" was an arbitrary and insufficient reason to deny him release on parole. He also claimed that the Parole Board exceeded its jurisdiction by denying him parole consideration for four years, that the Parole Board failed to justify its decision to defer his future parole hearing, that under the circumstances the Parole Board had no authority to defer his parole eligibility for more than one year, and that the Parole Board failed to inform him and other inmates about their fitness for parole. At the time Blair filed his petition, he did not include a sworn verification as is required

pursuant to Tennessee Code Annotation § 27–8–106.[1]

On June 12, 2006, the Parole Board filed a motion to dismiss Blair's petition. The Parole Board asserted in its motion that the trial court lacked subject matter jurisdiction because Blair had failed to file a sworn petition within sixty days of the challenged judgment. The Parole Board also contended that the petition should be dismissed for failure to state a claim upon which relief could be granted. On June 27, 2006, Blair filed a motion to amend his petition, attaching to the motion a sworn affidavit to satisfy the verification requirement. The Parole Board's motion to dismiss was heard on June 30, 2006. On July 3, 2006, the trial court granted the Parole Board's petition on both grounds. The order stated first that the court lacked subject matter jurisdiction over the case because Blair's petition was not verified by a sworn affidavit. The order also stated that Blair's petition failed to state a claim upon which relief could be granted because it did not allege that the Parole Board acted illegally, fraudulently, or arbitrarily.

On July 10, 2006, Blair filed another motion for leave to amend his petition, in which he essentially asked the trial court to amend its July 3 order dismissing his petition. In this second motion, Blair again sought to include the sworn verification in his petition. On July 14, 2006, the trial court entered an order granting Blair's motion, determining that Blair's filing of the affidavit had cured the jurisdictional issue. Nevertheless, the trial court found that the petition failed to state a claim upon which relief could be granted. On this basis, the trial court denied Blair's petition for writ of certiorari. Blair now appeals.

On appeal, Blair argues that the trial court erred in holding that his petition failed to state a claim upon which relief could be granted, because he properly averred that the Parole Board acted illegally or arbitrarily. In response, the Parole Board asserts that the trial court was without jurisdiction to grant Blair's motion to amend his petition to comply with the verification requirement, because the motion to amend was made beyond the sixty-day period in which the petition must be filed and verified. After the sixty-day period had expired, the Board argues, the trial court no longer had subject matter jurisdiction to grant Blair permission to amend his petition, and the petition should have been dismissed on this basis.

 We must first address the issue of the trial court's subject matter jurisdiction, because it involves the trial court's power to entertain the petition before it. See *First Am. Trust Co. v. Franklin–Murray Dev. Co.*, 59 S.W.3d 135, 140 (Tenn.Ct. App.2001). This issue is a pure question of law, which is reviewed *de novo*, with no presumption of correctness in the trial court's decision. *Nelson v. Wal–Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn.1999).

 Tennessee Code Annotated § 27–9–102 requires that a petition for writ of certiorari be filed within sixty days from the entry of the judgment appealed from. Failure to file the petition within this time limit results in the challenged judgment becoming final, which deprives a reviewing court of jurisdiction over the matter. See *Wheeler v. City of Memphis*, 685 S.W.2d 4, 6 (Tenn.Ct.App.1984) (citing *Fairhaven Corp. v. Tenn. Health Facilities Comm'n*, 566 S.W.2d 885, 886 (Tenn. Ct.App.1976)). Jurisdiction of this Court

---

1. That statute provides that "[t]he petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ." T.C.A. § 27–8–106 (2000).

is also predicated upon the verification requirement in section 27–8–106. Neither the trial court nor the appellate court acquires jurisdiction over the petition unless it is verified under this section. *Depew v. King's Inc.,* 197 Tenn. 569, 276 S.W.2d 728, 729 (Tenn.1955); *Drainage Dist. No. 4 of Madison County v. Askew,* 138 Tenn. 136, 196 S.W. 147, 148 (Tenn.1917).

■ A trial court has subject matter jurisdiction to extend the sixty-day time period of section 27–9–102 if the order granting the extension is entered within the sixty-day period. After the sixty day period has expired, however, the trial court no longer has such jurisdiction. In other words, "[t]o grant time in which to file [a] petition for certiorari after the expiration of the original term is a power not given to this court." *Crane Enamelware Co. v. Smith,* 168 Tenn. 203, 76 S.W.2d 644, 645 (Tenn.1934) (quoting *Schlosser Leather Co. v. Gillespie,* 157 Tenn. 166, 6 S.W.2d 328, 328 (Tenn.1928)). Blair's motion to amend his petition to comply with the verification requirement was filed on June 27, 2006. This was more than sixty days after February 28, 2006, the date on which Blair received notice of the final administrative judgment against him. By that time, the trial court had lost subject matter jurisdiction over Blair's petition and, therefore, was without authority to grant Blair's motion for an extension of time. Consequently, the trial court erred in exercising jurisdiction over Blair's petition, and his petition should have been simply dismissed. *See id.*

The petition is dismissed for lack of subject matter jurisdiction. Costs on appeal are taxed to Appellant Walter Blair, for which execution may issue, if necessary.