IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned On Briefs April 21, 2011

## JOSHUA D. SCHAFFER v. STATE OF TENNESSEE BOARD OF PROBATION AND PAROLE

**Direct Appeal from the Chancery Court for Davidson County**
**No. 10-827-1     Claudia C. Bonnyman, Chancellor**

---

**No. M2010-01805-COA-R3-CV - Filed May 27, 2011**

---

This appeal involves subject matter jurisdiction over a petition for a writ of certiorari. The petitioner is an inmate in the custody of the Tennessee Department of Correction. The respondent, the Tennessee Board of Probation and Parole, denied the inmate's request for parole. The inmate thereafter filed a petition for a writ of certiorari in the chancery court challenging the Board's decision as illegal, arbitrary, and fraudulent. The chancery court dismissed the case for lack of subject matter jurisdiction because the inmate did not file a verified, notarized petition within the sixty-day jurisdictional time limit. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Gregory P. Isaacs and Andrea B. Mohr, Knoxville, Tennessee, for the appellant, Joshua D. Schaffer.

Robert E. Cooper, Jr., Attorney General and Reporter and Kellena Baker, Assistant Attorney General, Tennessee, for the appellee, State of Tennessee Board of Probation and Parole.

**MEMORANDUM OPINION[1]**

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse
or modify the actions of the trial court by memorandum opinion when a formal opinion

(continued...)

The petitioner, Joshua D. Schaffer ("Inmate"), is an inmate in the custody of the Tennessee Department of Correction (the "Department").[2] Inmate pled guilty to attempted aggravated child abuse in June 2008 and was sentenced to eleven years in the custody of the Department. In December 2009, Inmate attended an initial parole hearing before the respondent, the Tennessee Board of Probation and Parole (the "Board"). The Board allegedly informed Inmate at the end of the parole hearing that he would not receive parole and that his next parole hearing would occur in December 2012. In January 2010, however, Inmate received official notification of the Board's denial, which set his next parole hearing for December 2014. Inmate thereafter filed a timely "Request for Appeal Hearing" on January 8, 2010. The Board denied Inmate's appeal in a letter dated March 17, 2010.

On May 17, 2010, Inmate filed a petition for writ of certiorari with the Chancery Court of Davidson County.[3] The original petition, however, was not verified or notarized. The Board accordingly moved to dismiss for lack of subject matter jurisdiction. The Board argued dismissal was appropriate for failure to comply with the mandates of Tennessee Code Annotated sections 27-8-104(a) and -106. Inmate responded on July 6, 2010, with a motion for leave to amend his petition for writ of certiorari. Inmate requested the court permit him to file a properly verified and notarized amended petition. He asserted, *inter alia*, his confinement at the Southeastern Tennessee Regional Correctional Facility in Pikeville, Tennessee made it difficult for him to execute the requisite oath. The Board rejected this contention and submitted dismissal was appropriate even if the chancery court permitted Inmate to file the amended petition because it would not comply with the mandatory sixty-day jurisdictional time limit set forth in Tennessee Code Annotated section 27-9-102. The chancery court agreed with the Board and dismissed the petition. Inmate timely appealed.

Inmate presents the following issues for our review:

1.      Whether the absence of the appellant's verified oath on a petition for writ of certiorari, which was timely filed and complied with all other statutory requirements, is a curable technical defect; and

_____

[1](...continued)
would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]The following facts, which we accept as true for the purposes of this appeal, are derived from Inmate's petition for writ of certiorari.

[3]It appears from the record that Inmate was represented by counsel when he filed his original petition and when he attempted to file his amended petition.

2.     Whether summary dismissal of a petition for writ of certiorari on the grounds that the petition was not verified under oath is a violation of the appellant's constitutional rights to due process and equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution where the appellant was incarcerated and unable to verify the petition within the sixty (60) day time limitation set forth in Tenn. Code Ann. § 27-9-102.

Our review of the issues presented is *de novo*. *See Blair v. Tenn. Bd. of Probation and Parole*, 246 S.W.3d 38, 40 (Tenn. Ct. App. 2007) (citing *Nelson v. Wal–Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999)).

"Chapter 9 of Title 27 of the Tennessee Code Annotated provides the procedure by which an aggrieved party may obtain judicial review of the decision of a board or commission." *Bd. of Prof'l Responsibility v. Cawood*, 330 S.W.3d 608, 608–09 (Tenn. 2010) (citing Tenn. Code Ann. § 27-9-101 (2000)). Specifically, Tennessee Code Annotated section 27-9-102 provides that:

> Such party shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court of any county in which any one (1) or more of the petitioners, or any one (1) or more of the material defendants reside, or have their principal office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, the respects in which the petitioner claims the order or judgment is erroneous, and praying for an accordant review.

Tenn. Code Ann. § 27-9-102 (2000). "Because Tennessee Code Annotated section 27-9-102 requires the aggrieved party to file 'a petition of certiorari,'" the party seeking review of a board's decision must also comply with Tennessee Code Annotated section 27-8-106 (2000). *Cawood*, 330 S.W.3d at 609. That provision sets forth two requirements for a petition for certiorari: (1) "[t]he petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public," and (2) the petition "shall state that it is the first application for the writ." Tenn. Code Ann. § 27-8-106 (2000); *accord Cawood*, 330 S.W.3d at 609 (citation omitted).

Tennessee Code Annotated section 27-8-104 similarly provides:

(a) The judges of the inferior courts of law have the power, in all civil cases, to issue writs of certiorari to remove any cause or transcript thereof from any inferior jurisdiction, on sufficient cause, *supported by oath or affirmation*.

Tenn. Code Ann. § 27-8-104(a) (2000) (emphasis added). This language tracks Article 6, Section 10 of the Tennessee Constitution, which provides as follows:

> The Judges or Justices of the Inferior Courts of Law and Equity, shall have power in all civil cases, to issue writs of certiorari to remove any cause or the transcript of the record thereof, from any inferior jurisdiction, into such court of law, on sufficient cause, *supported by oath or affirmation*.

Tenn. Const. art. 6, § 10 (emphasis added). Each of the above statutory provisions applies to a petition for writ of certiorari seeking review of a parole board's decision. *See Blair*, 246 S.W.3d at 40-41. Neither the trial nor the appellate court obtains jurisdiction over the petition unless it complies with the verification requirement. *Id.* at 41 (citations omitted). And neither the trial nor appellate court acquires jurisdiction over a petition that is untimely filed. *Id.* at 40 (citing *Wheeler v. City of Memphis*, 685 S.W.2d 4, 6 (Tenn. Ct. App. 1984)).

The Board argues this Court and the chancery court are without jurisdiction to hear Inmate's grievances because the original petition did not satisfy the verification requirement of Tennessee Code Annotated section 27-8-106 and Inmate did not move to file his amended petition within the sixty-day jurisdictional time limit of Tennessee Code Annotated section 27-9-102. We agree. The original petition was not verified or notarized; consequently, it did not provide the chancery court jurisdiction over the case prior to the expiration of the sixty-day jurisdictional time limit. And the chancery court did not possess authority under the facts to permit the late filing of Inmate's amended petition. *See Blair*, 246 S.W.3d at 41 (citing *Crane Enamelware Co. v. Smith*, 76 S.W.2d 644, 645 (Tenn. 1934)) (addressing an analogous situation). The chancery court therefore correctly dismissed Inmate's petition for lack of subject matter jurisdiction.

Inmate nevertheless argues that dismissal of his petition for failure to file a verified petition within the sixty-day jurisdictional time limit violated his constitutional rights. Inmate's principal contention is that his "counsel was unable to complete the *Petition for Writ of Certiorari* and travel to the Southeastern Tennessee Regional Correctional Facility in order to obtain [Inmate's] notarized verification prior to the May 17, 2010 deadline," even though counsel admittedly agreed to represent Inmate on April 6, 2010. Inmate contends the Board's delay in providing counsel with certain records, which were received on May 10, 2010, "left undersigned counsel merely four (4) days within which to review the records, draft the Petition, and submit the Petition for filing via UPS Overnight mail as the May 17, 2010 deadline fell on a Monday." Inmate's counsel was purportedly unable to fulfill this obligation because he "had numerous court appearances, client meetings, and speaking engagements which he was required to attend."

According to Inmate, his counsel's alleged inability to obtain the requisite verification demonstrates the unfairness and unconstitutionality of statutory law that requires prisoners to follow complicated procedures pertaining to the filing of a petition for common law writ of certiorari. Inmate argues the exclusion of the Board from the Tennessee Uniform Administrative Procedures Act ("TUAPA"), Tennessee Code Annotated section 4-5-101 *et seq.*, "creates a significant impediment to a prisoner's right to petition the Government for a redress of grievances – a fundamental right guaranteed by the First Amendment." Inmate states:

> The fact that the Board of Probation and Parole is specifically excluded from the hearing and appeal provision of the TUAPA places prisoners who are arbitrarily and capriciously denied parole at a significant disadvantage to other citizens of this state who are aggrieved by a decision of a state agency. The common law writ of certiorari requirements are disjointed in the Tennessee Code and substantially more difficult to piece together than the simple appeal requirements of the TUAPA which are compactly and straightforwardly set forth in single statutory section. *See* Tenn. Code. Ann. § 4-5-322.

> In order to determine how to seek judicial review of the Board of Probation and Parole's denial of parole, one must first determine that the Board of Probation and Parole is specifically excluded from the TUAPA. Next one must look to the statutory chapter governing boards and commissions, which provides that review must be sought by "petition of certiorari," but significantly makes no reference to the additional statutory chapter governing writs of certiorari, nor to Article 6, Section 10 of the Tennessee Constitution. Tenn. Code Ann. § 27-9-101, *et seq.* One must then independently determine, without advice from the Board or direction from Tenn. Code Ann. § 27-9-101, *et seq.*, the need to refer to yet another statutory section regarding the common law writ of certiorari - a pleading which has arguably become obscure since the enactment of the TUAPA in 1979 - in order to be appraised of the verification and oath requirement. *See* Tenn. Code Ann. §§ 27-8-104 and 106.

> The verification and oath requirements are difficult for an attorney to locate in the Tennessee Code, let alone an inmate with limited legal research materials. Further, the verification and oath requirements create an additional impediment for inmates who have retained counsel to assist them with their parole appeal. A typical client can easily stop by his attorney's office to execute a document and have it notarized. When the client is an inmate, however, and particularly an inmate housed a significant distance from his attorney's office as in the instant case, the attorney must either travel to the

correctional facility to obtain his client's signature in the presence of a notary public, or mail the documents to the client, for his signature and notarization and then have the document returned by mail in time for filing. Either of these options are incredibly time consuming in that correctional facilities are traditionally located in extremely remote locations, and further in that prison mail is notoriously slow.

When working within a limited time frame such as the sixty day period required by Tenn. Code Ann § 27-9-102, the verification and oath requirements create an undue burden on prisoners seeking review of the Board's denial of their parole, particularly in light of this Court's prior holding in *Blair* that the verification and oath requirements are mandatory for subject matter jurisdiction. *See Blair*, 246 S.W.3d at 3. This undue burden is heightened as applied to Mr. Schaffer in the instant case, wherein the documentation necessary to draft the petition of certiorari was timely requested from the Board, but was not received in the undersigned counsel's office until under a week remained within which to draft the petition, transmit it to the client for review, verification, and notarization, and transmit the petition to Nashville for filing.

Inmate concludes that "the Government has the burden of proving that the verification and oath requirement, as applied to prisoners via the Board of Probation and Parole's specific exclusion from the TUAPA in Tenn. Code Ann. § 4-5-106(c), is 'narrowly tailored' to serve a 'compelling' government interest." Although not expressly stated, Inmate's brief implies his belief that the Government cannot meet this burden. Inmate does not, however, examine whether this Court has subject matter jurisdiction to consider his constitutional argument. As we explained above, this Court is without subject matter jurisdiction to adjudicate his petition—the only basis for relief filed in the chancery court. We therefore conclude his constitutional attack is not properly before this Court in light of the case's procedural posture.

## Conclusion

For the foregoing reasons, we affirm the dismissal of Inmate's petition for writ of certiorari. Costs of this appeal are taxed to the appellant, Joshua D. Schaffer, and his surety for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

-6-