# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs June 13, 2011

## EDDIE FRANK GRAVES v. TENNESSEE DEPARTMENT OF CORRECTION ET AL.

**Appeal from the Chancery Court for Wayne County**
**No. 2010-CV-4821    Jim T. Hamilton, Judge**

---

**No. M2011-00059-COA-R3-CV - Filed July 21, 2011**

---

Petitioner appeals from the dismissal of three petitions for writ of certiorari for review of his disciplinary conviction for assault while incarcerated at the South Central Correctional Facility. The trial court dismissed the action based on Petitioner's failure to adhere to the statutory verification requirements in his petitions. Petitioner appealed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Eddie Frank Graves, Wartburg, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Lucy Honey Haynes, Deputy Attorney General; and David S. Sadlow, Assistant Attorney General, for the appellees, Tennessee Department of Correction, Reuben Hodge, and Derek Schofield.

## OPINION

The petitioner, Eddie Frank Graves, is an inmate in the custody of the Tennessee Department of Correction. While incarcerated at the South Central Correctional Facility (SCCF) in Wayne County, Tennessee, Petitioner was convicted of a Class A disciplinary action for assault of another inmate. Petitioner appealed his conviction to the Commissioner of the Department of Correction, who denied it on December 17, 2009.[1]

---

[1] The only reference to the final administrative action for purposes of this appeal is contained in a February 26, 2010 letter from TDOC Commissioner Gayle Ray to Petitioner.

Thereafter, Petitioner filed three separate petitions for writ of certiorari in the Davidson County Chancery Court naming as defendants the Tennessee Department of Correction, Cherry Lindamood, the warden at SCCF, George Little,[2] Commissioner of TDOC, and Reuben Hodge, Assistant Commissioner of TDOC. The first petition was filed January 18, 2010, the second petition on February 10, 2010, and the third petition on March 16, 2010. The Chancery Court for Davidson County consolidated all three petitions in one action and transferred the case to the correct venue, the Wayne County Chancery Court. On October 22, 2010, the defendants filed a motion to dismiss, based upon the Petitioner's failure to file a notarized petition as required by Tenn. Code Ann. § 27-8-106. The Wayne County Chancery Court issued an order on November 1, 2010, granting the motion to dismiss, and on November 29, 2010, the court directed entry of a final judgment. Petitioner filed a timely appeal.

## ANALYSIS

Petitioner appeals from the trial court's dismissal of his petitions for common law writ of certiorari. The dispositive issue on appeal is whether Petitioner complied with the statutory requirements of a petition for writ of certiorari.

A common law writ of certiorari is "an extraordinary remedy that is not available as of right." *Bowling v. Tenn. Bd. of Paroles*, No. M2001-00138-COA-R3-CV, 2002 WL 772695, at *2 (Tenn. Ct. App. 2002) (citing *Robinson v. Traugher*, 13 S.W.3d 361, 364 (Tenn. Ct. App. 1999)). Pursuant to Tenn. Code Ann. § 27-9-102, the petition must be filed within sixty days from the entry of the judgment appealed from, and "failure to file the petition within this time limit results in the challenged judgment becoming final, which deprives a reviewing court of jurisdiction over the matter." *Blair v. Tenn. Bd. of Probation and Parole*, 246 S.W.3d 38, 40 (Tenn. Ct. App. 2007) (citing *Wheeler v. City of Memphis*, 685 S.W.2d 4, 6 (Tenn. Ct. App. 1984)).

Further, Tenn. Code Ann. § 27-8-106 provides that "[t]he petition for certiorari *may be sworn to* before the clerk of the circuit court, the judge, any judge of the court of general sessions, *or a notary public, and shall state it is the first application for the writ*." (Emphasis added). "Neither the trial court nor the appellate court acquires jurisdiction over the petition unless it is verified under [Tenn. Code Ann. § 27-8-106]." *Blair*, 246 S.W.3d at 41. This

_____

[2]Gayle Ray succeeded George Little as Commissioner of TDOC and was the Commissioner at the time the action was filed; thus, Gayle Ray and not George Little was the proper party at the time of filing. The current commissioner is Derek Schofield and will be substituted as the proper party pursuant to Tenn. R. App. P. 19(c), which states that the appellate courts substitute the name of public officials sued in their official capacity as they leave office and are succeeded by another public official.

court has previously held that failure to comply with the provisions of Tenn. Code § 27-8-106, by failing to verify the petition and by failing to state that it is the first application for the writ, is grounds for dismissal. *Bowling*, 2002 WL 772695, at *3 (citing *Depew v. Kings, Inc.*, 276 S.W.2d 728, 729 (Tenn. 1955); *Rhea County v. White*, 43 S.W.2d 375, 378 (Tenn. 1931); *Drainage Dist. No. 4 of Madison Co. v. Askew*, 196 S.W. 147, 148 (Tenn. 1917)).[3]

In the first two petitions, Petitioner did not include a verification under oath and he failed to state that the petitions were his first application for writ of certiorari as required by Tenn. Code Ann. § 27-8-106. Although Petitioner's third petition did comply with some of the requirements, it too was dead on arrival because he filed the third petition on March 16, 2010, which was well beyond the sixty-day time period for filing the petition. Consequently, the trial court lacked subject matter jurisdiction to consider the petitions.[4] *Thandiwe v. Traughber*, 909 S.W.2d 802, 804 (Tenn. Ct. App. 1994) (citing *Wheeler v. City of Memphis*, 685 S.W.2d 4, 6 (Tenn. Ct. App. 1984); *Fairhaven Corp. v. Tenn. Health Facilities Comm'n*, 566 S.W.2d 885, 887 (Tenn. Ct. App. 1976)) ("The failure to file within the statutory time limits results in the Board's decision becoming final, and once the decision has become final, the Chancery Court is deprived of jurisdiction.").

Because the first two petitions failed to meet the statutory verification requirements and the third petition was time barred, the trial court properly dismissed all three petitions because it lacked subject matter jurisdiction.

### In Conclusion

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the Appellant, Eddie Frank Graves, for which execution may issue.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[3]We understand that Petitioner is proceeding *pro se*, however, as this court observed in *Bowling*, "[p]risoners and other non-lawyers who represent themselves are not excused from complying with the same applicable substantive and procedural law that represented parties must comply with." *Bowling*, 2002 WL 772695, at *3 n.6 (citing *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000); *Kaylor v. Bradley*, 912 S.W.2d 728 733 n.4 (Tenn. Ct. App. 1995)).

[4]To the extent that Petitioner may argue he was unaware of the denial of his appeal until the February 26, 2010 letter from Commissioner Ray, we find no merit to such an argument as Petitioner had already filed two petitions for writ of certiorari and thus must have been aware of the denial of his appeal.