FILED

05/31/2017

Clerk of the
Appellate Courts



IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 4, 2017 Session[1]

## TOWN OF COLLIERVILLE, ET AL. v. TOWN OF COLLIERVILLE BOARD OF ZONING, ET AL.

**Direct Appeal from the Chancery Court for Shelby County**
**No. CH-13-0203-1    Walter L. Evans, Chancellor**

_____

### No. W2016-02032-COA-R3-CV

_____

This is the third appeal in an ongoing dispute between the Town of Collierville and the owner of property on which two billboards are situated. On February 12, 2013, the Town filed a petition for writ of certorari, challenging a decision of the Board of Zoning Appeals. Because the petition for writ of certorari does not comply with Tennessee Code Annotated section 27-8-106, the trial court and, therefore, this Court lack subject matter jurisdiction. We vacate the judgment of the chancery court and dismiss the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Dismissed**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and JEFF PARHAM, SP. J., joined.

Richard L. Winchester, Jr., Memphis, Tennessee, for the appellant, Abbington Center, LLC.

Taylor Cates, Memphis, Tennessee, for the appellees, Town of Collierville and Town of Collierville Development Department.

## OPINION

This is the third appeal regarding two billboards in the Town of Collierville (the "Town") on land owned by Abbington Center ("Abbington"). _See Town of Collierville v. Town of Collierville Board of Zoning Appeals_, No. W2013-02752-COA-R3-CV, 2015

_____

[1]Oral Argument in this case was heard at the University of Tennessee at Martin.

WL 1606712 (Tenn. Ct. App. 2015); *Abbington Center, LLC v. Town of Collierville*, 393 S.W.3d 170 (Tenn. Ct. App. 2012). Our 2015 opinion regarding these billboards provides an appropriate recitation of the facts underlying the dispute:

[T]he billboards were constructed in December 1979. At that time, building permits and a sign permit fee were the only requirements for construction of a billboard in the Town. On June 24, 1982, the Town passed an ordinance prohibiting the construction of any new billboards.

Abbington purchased the billboards in 1993. Abbington began making inquiries as to whether the billboards were "grandfathered in" and could be torn down and reconstructed. The Town assured Abbington that the billboards were "grandfathered in." Shortly thereafter, Abbington discovered that the billboards were leased for use by a third party for fourteen years, so Abbington did not pursue the matter.

In 2007, Abbington submitted proposed designs to the Town's Design Review Commission for new billboards to replace the billboards in question. The Design Review Commission approved the design with the requirement that Abbington obtain building and electrical permits for the billboards. Abbington began removing and replacing the old billboards but failed to apply for the permits. Therefore, the Town posted "Stop Work" orders at the sites for both billboards.

Abbington subsequently applied for the necessary permits. The Town denied the permits on the basis that the billboards did not constitute a legal nonconforming use. The Town asserted that there was no proof that the requisite permits were obtained for the construction of the billboards in 1979. Abbington appealed the decision to the Board of Zoning Appeals ("BZA"). The BZA affirmed the Town's stop work orders and the denial of the request for building permits.

Abbington filed a petition for writ of certiorari to the chancery court. Following a remand and second hearing before the BZA, the chancery court invalidated the stop work orders and permitted Abbington to reconstruct the billboards. The Town then appealed to the Court of Appeals, but while the appeal was pending, Abbington reconstructed the billboards.

This Court determined that Abbington had not proven that the requisite municipal permits had been obtained when the billboards were

originally constructed in 1979. Therefore, we reversed the decision of the chancery court and reinstated the decision of the BZA.

After the decision in this Court, on October 4, 2012, the Development Department sent a letter to Abbington directing the removal of the reconstructed billboards because they were in violation of the Town's ordinances. In doing so, the Development Department relied upon this Court's judgment reinstating the BZA's decision, which affirmed the stop work orders and denial of the requested permits. On November 2, 2012, Abbington appealed to the BZA.

On December 20, 2012, the BZA heard Abbington's appeal. The BZA heard testimony from the Development Department employee who sent the letter and Mr. Stanley T. Trezevant, III, one of the partners of Abbington. Mr. Trezevant presented a "State of Tennessee Department of Transportation Outdoor Advertising Device Application and Permit" stating a sign erection date of December 15, 1979, to demonstrate that the billboards in question should be grandfathered. He also testified regarding what he had discovered about the history of the billboards and Abbington's ownership of the billboards. The BZA voted 2 - 2 on a motion to affirm the Development Department's removal order. Because it was a tie, the motion to affirm failed, which allowed the billboards to remain.

Under Ordinance § 151.308(F)(5) of the City of Collierville, Tennessee Code of Ordinances, "[a]ny officer, agency or department of the Town . . . or other aggrieved party may appeal any decision of the [BZA] to a court of competent jurisdiction as provided for by state law." Collierville, Tenn., Ordinances § 151.308(F)(5) (2009). On February 12, 2013, the Town and the Development Department appealed the BZA's decision, by writ of certiorari, to the Shelby County Chancery Court naming the BZA and Abbington as defendants.

Both the BZA and Abbington filed Rule 12.02(6) motions, pursuant to the Tennessee Rules of Civil Procedure, to dismiss arguing, among other things, that the Town and the Development Department did not have standing to appeal the BZA's decision. In response, the Town and Development Department argued that they were aggrieved by the BZA's decision because they could not enforce the 1982 ordinance prohibiting the construction of new billboards.

On November 5, 2013, the chancery court entered a final judgment

3

in which it dismissed the Town and Development Department's petition for lack of standing.

*Town of Collierville*, 2015 WL 1606712, at *1-2. On appeal, the Town challenged the trial court's ruling that neither the Town nor its Development Department had standing to challenge "the BZA's decision not to affirm the removal order issued by the Town and Development Department for the removal of Abbington's billboards" and whether the BZA "acted illegally, arbitrarily, and without material evidence in voting not to affirm the removal order." *Id*. at *3.

This Court determined that the Town and its Development Department had standing to seek review of the BZA's decision. *Id*. at *6. However, we declined to reach the Town's second issue, as the trial court did not reach the merits of the Town's petition for certiorari. *Id*. We remanded the case to the trial court for a decision on the merits. *Id*.

On remand, the trial court determined that the Board of Zoning Appeals' decision not to affirm the removal order was arbitrary and capricious because the removal order was enforcing the Board of Zoning Appeals' prior rulings that had been affirmed and reinstated by the Court of Appeals. Abbington appeals.

## Issues Presented

In this appeal, Abbington raises three issues:

1. Did the trial court have subject matter jurisdiction to hear and decide Appellees' Petition for Writ of Certorari?

2. Did the trial court err in determining that there did not exist "any possible reason" justifying the action taken by the Board of Zoning Appeals?

3. Did the trial court err in failing to find that the Town of Collierville should be estopped from ordering the destruction of the subject billboards?

## Discussion

We must address Appellant's first issue -- subject matter jurisdiction -- as a threshold matter. "The concept of subject matter jurisdiction involves a court's lawful

authority to adjudicate a controversy brought before it." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000) (citations omitted). Subject matter jurisdiction concerns the basis for a court's authority to act, and it cannot be waived. *Sumner v. Campbell Clinic P.C.*, 498 S.W.3d 20, 27 (Tenn. Ct. App. 2016) (citation omitted). "The lack of subject matter jurisdiction is so fundamental that it requires dismissal whenever it is raised and demonstrated." *First Am. Trust Co. v. Franklin-Murray Dev. Co.*, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001) (citations omitted). "[W]hen an appellate court determines that a trial court lacked subject matter jurisdiction, it must vacate the judgment and dismiss the case without reaching the merits of the appeal." *Id.*

We aptly addressed this issue in *Hirt v. Metropolitan Board of Zoning Appeals of the Metropolitan Government of Nashville and Davidson County, Tennessee*, No. M2015-02511-COA-R3-CV, 2016 WL 7242814 (Tenn. Ct. App. Dec. 15, 2016), *perm. app. denied* (Tenn. Apr. 13, 2017):

> In cases such as the present one, a petition for a common-law writ of certiorari is the "proper vehicle for seeking judicial review of a decision by a local board of zoning appeals." *See Moore v. Metro. Bd. of Zoning Appeals*, 205 S.W.3d 429, 435 (Tenn. Ct. App. 2006) (citations omitted). In Tennessee, the decision to file a petition for a writ of certiorari is governed by our State Constitution, as well as a number of statutory provisions. In pertinent part, the Tennessee Constitution provides as follows:
>
> > The Judges or Justices of the Inferior Courts of Law and Equity, shall have power in all civil cases, to issue writs of certiorari to remove any cause or the transcript of the record thereof, from any inferior jurisdiction, into such court of law, on sufficient cause, supported by oath or affirmation.
>
> Tenn. Const. art. 6, § 10. In accordance with this provision, the Tennessee Code provides that the "judges of the inferior courts of law have the power, in all civil cases, to issue writs of certiorari to remove any cause or transcript thereof from any inferior jurisdiction, on sufficient cause, supported by oath or affirmation." Tenn. Code Ann. § 27-8-104(a). Tennessee Code Annotated section 27-8-106 specifically provides that the "petition for certiorari may be sworn to before the clerk of the circuit court, the judge, any judge of the court of general sessions, or a notary public, and shall state that it is the first application for the writ." Tenn. Code Ann. § 27-8-106. When seeking review by certiorari, the petition must be filed within sixty days from the order or judgment

appealed from. *See* Tenn. Code Ann. § 27-9-102. "Failure to file the petition within this time limit results in the challenged judgment becoming final, which deprives a reviewing court of jurisdiction over the matter." *Blair v. Tenn. Bd. of Prob. and Parole*, 246 S.W.3d 38, 40 (Tenn. Ct. App. 2007) (citation omitted).

As is relevant here, a trial court's jurisdiction is not solely dependent on whether the petitioner has timely filed a petition seeking certiorari review. Jurisdiction "is also predicated upon the verification requirement in section 27-8-106." *Id.* at 41. "Neither the trial court nor the appellate court acquires jurisdiction over the petition unless it is verified under [Tennessee Code Annotated section 27-8-106]." *Id.* (citations omitted). The petitioner "must verify the contents of the petition *and* swear to the contents of the petition under oath, typically by utilizing a notary public." *Wilson v. Tenn. Dep't of Corr.*, No. W2005-00910-COA-R3-CV, 2006 WL 325933, at *4 (Tenn. Ct. App. Feb. 13, 2006) (citations omitted). The requirement that a petitioner swear to the contents of the petition under oath "necessarily connotes that the petitioner is first administered an oath and then states in accordance with that oath that the contents of the petition are true." *Id.* at *3 (citation omitted).

*Hirt*, 2016 WL 7242814, at *2.

In this case, Appellant does not dispute that the writ of certiorari was timely filed within the sixty-day time period provided by Tennessee Code Annotated section 27-9-102. However, the petition for writ of certiorari filed in this case contained no oath or verification whatsoever. Rather, the petition for writ of certiorari merely contained the standard "respectfully submitted" signature of the attorneys representing the Town.

The Town argues that *Brundage v. Cumberland County*, 357 S.W.3d 361 (Tenn. 2011) and *McCallen v. City of Memphis*, 786 S.W.2d 633 (Tenn. 1990), stand for the proposition that a deficiency in the formal requirements for a petition for writ of certiorari is not fatal. However, in each of those cases, the question presented was whether a petition for writ of certiorari or a declaratory judgment action was the appropriate cause of action. In *Brundage*, the Tennessee Supreme Court, citing *McCallen v. City of Memphis*, noted that "we have permitted an improperly filed petition for declaratory judgment to be treated as a petition for writ of certiorari, and conversely, we have allowed an improperly filed petition for writ of certiorari to be treated as a petition for declaratory judgment." *Brundage*, 357 S.W.3d at 371 (citations omitted). In *Brundage*, the supreme court noted that while the initial petition was styled as a petition for writ of certiorari, the body of the petition itself indicated it was actually a petition for declaratory

judgment.  *Id*.  Thus, the court determined that the deficiencies in the technical requirements for a petition for writ of certiorari were not fatal to the claim.

The facts in this case are more akin to the *Hirt* decision than to *Brundage*.  Here, there is no dispute that a petition for writ of certiorari is the proper procedural vehicle to challenge the decision of the Board of Zoning Appeals.  As such, compliance with the technical requirements of Tennessee Code Annotated section 27-8-106 was mandatory, and failure to comply with those requirements deprived the trial court, and this Court, of subject matter jurisdiction to conduct any judicial review.  Abbington's remaining issues are, therefore, pretermitted.

## Conclusion

For the foregoing reasons, we conclude that the trial court was without subject matter jurisdiction in this case.  We therefore vacate the trial court's final order and dismiss the Town's petition.  This case is remanded to the trial court for the collection of costs, enforcement of the judgment, and for such further proceedings as may be necessary and are consistent with this Opinion.  Costs of this appeal are assessed against the Appellees, the Town of Collierville and Town of Collierville Development Department, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE