IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 3, 2017

## GARY WAYNE GARRETT v. TENNESSEE BOARD OF PAROLE

**Appeal from the Chancery Court for Davidson County**
**No. 16-355-I     Claudia Bonnyman, Chancellor**

---

### No. M2016-01738-COA-R3-CV

---

This appeal involves an incarcerated inmate's filing of a petition for writ of certiorari, claiming that the Tennessee Board of Parole acted arbitrarily and without material evidence in denying his request for parole. The respondent filed a motion to dismiss, claiming that the time for filing such a petition had passed. The trial court dismissed the petition as untimely. The petitioner appeals. We reverse and remand for further hearing.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Reversed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which FRANK G. CLEMENT, JR., P.J., M.S.,  and BRANDON O. GIBSON, J., joined.

Gary Wayne Garrett, Clifton, Tennessee, Pro Se.

Herbert H. Slatery, III, Attorney General and Reporter, Andrée S. Blumstein, Solicitor General, and Charlotte Davis, Assistant Attorney General, Nashville, Tennessee, for the appellee, the Tennessee Board of Parole.

## OPINION

### I.     BACKGROUND

Gary Wayne Garrett ("Petitioner") is an inmate housed at the South Central Correctional Facility in Clifton, Tennessee. He was convicted of 16 counts of "various charges," including first degree burglary, petit larceny, rape, aggravated rape, and attempted first degree burglary while employing a firearm. Petitioner was sentenced in 1986 to an aggregate sentence of 119 years with parole eligibility.

On December 2, 2015, Petitioner was granted a parole hearing, his second, by the Tennessee Board of Parole ("the Board"). The Board denied parole on the ground that his "release from custody at this time would depreciate the seriousness of the crime of which [he] stands convicted or promote disrespect of the law." Petitioner appealed the Board's decision. His appeal was denied on January 28, 2016. Accordingly, the time for filing a petition for writ of certiorari expired on March 28, 2016, pursuant to Tennessee Code Annotated section 27-9-102.[1]

On March 28, 2016, Petitioner filed a petition for writ of certiorari by placing the document in the prison mailroom. *See* Tenn. R. Civ. P. 5.06. The petition, which named the Board as the respondent, was not notarized. Petitioner attached several supporting documents to the petition and an affidavit explaining that he was denied access to a notary because the facility was placed on lockdown the week prior to the expiration of the statute of limitations. The Clerk and Master returned the documents to Petitioner with instructions to sign and notarize. Petitioner complied and had the petition notarized on April 5, 2016. The record is unclear as to whether the petition was returned to the mailroom on April 5; however, the record reflects that the petition was received by the Chancery Court on April 11 and marked filed on April 12.

The Board filed a motion to dismiss, claiming that the court lacked subject matter jurisdiction because the petition was not filed within 60 days of the denial of his appeal. The Board explained that the petition did not contain the proper notarization until April 5, 68 days after entry of the final administrative order appealed from. Petitioner responded by asserting that his petition was timely as evidenced by his placement of the initial petition in the prison mailroom on March 28. He asserted that his failure to obtain the proper notarization should be characterized as excusable neglect under the circumstances. He further alleged that he filed an inmate grievance form with the Tennessee Department of Correction ("TDOC"), documenting his attempt to obtain a notary and the denial of the same within the applicable statute of limitations. He noted that he had yet to receive a response as of June 10, 2016.

The trial court dismissed the petition on July 22, 2016, finding that the initial filing was timely but unverified, thereby requiring dismissal for lack of jurisdiction. The court noted that even if it were to consider the initial filing as a request for extension of time, the request was not submitted to the court in time to grant an extension. The court further

---

[1] "Such party shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court of any county in which any one (1) or more of the petitioners, or any one (1) or more of the material defendants reside, or have their principal office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, of the respects in which the petitioner claims the order or judgment is erroneous, and praying for an accordant review."

found that the second filing, while verified, was not submitted within the 60-day time period required, thereby depriving it of jurisdiction.

On August 8, 2016, Petitioner filed a motion to alter or amend the court's judgment and requested leave to amend his complaint to add the Tennessee Department of Correction ("the TDOC") as a party. He alleged new claims against the TDOC, arguing that it caused his delay in filing a notarized petition. Three days later, on August 11, he filed a timely notice of appeal before the court issued a ruling on the motion. On September 14, he moved to amend the pleadings to conform to the evidence and attached a copy of his inmate grievance form, documenting his attempt to obtain a notary prior to the expiration of the statute of limitations and his denial of the same. These documents reflect that the TDOC resolved the grievance by posting an updated list of available notaries in the facility and updating its policy to ensure that a notary is made available in a reasonable amount of time following a request for notary services.

We remanded with instruction to rule upon the pending motions. Upon remand, the court denied the motion to alter or amend, finding that such motions should not be used to raise or present new allegations against a new party. The court further denied the motion to amend the pleadings, finding that the newly discovered evidence did not provide the court with subject matter jurisdiction to excuse the untimeliness and review his denial of parole. We accepted jurisdiction of this appeal following the court's denial of the motions.

## II. ISSUES

The sole issue on appeal is whether the trial court properly dismissed the petition for writ of certiorari as untimely.

## III. STANDARD OF REVIEW

This appeal involves issues of law. The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

## IV. DISCUSSION

Petitioner claims, inter alia, that the court improperly dismissed his petition when the court clerk failed to docket the initial filing in time for the court to grant an extension. He further claims that the initial filing was timely as evidenced by the fact that he placed the petition in the prison mailroom on March 28, 2016, and that his failure to submit a

verified petition within the statute of limitations should be characterized as excusable neglect. Article 6, Section 10 of the Tennessee Constitution provides as follows:

> The Judges or Justices of the Inferior Courts of Law and Equity shall have power in all civil cases, to issue writs of certiorari to remove any cause or the transcript of the record thereof, from any inferior jurisdiction, into such court of law, on sufficient cause, *supported by oath or affirmation*.

(Emphasis added.). Likewise, Tennessee Code Annotated section 27-8-104(a) imparts the following:

> (a) The judges of the inferior courts of law have the power, in all civil cases, to issue writs of certiorari to remove any cause or transcript thereof from any inferior jurisdiction, on sufficient cause, *supported by oath or affirmation*.

(Emphasis added.). A petition that is not properly verified under oath or affirmation must be dismissed. *Depew v. King's, Inc.*, 276 S.W.2d 728, 729 (Tenn. 1955); *Bowling v. Tennessee Bd. of Paroles*, No. M2001-00138-COA-R3-CV, 2002 WL 772695, at *3 (Tenn. Ct. App. Apr. 30, 2002). "Courts have consistently held that the failure of the petitioner to verify the petition as required by the Tennessee Constitution and the Tennessee Code is proper grounds for dismissal." *Carter v. Little*, No. W2007-00189-COA-R3-CV, 2007 WL 2872390, at *3 (Tenn. Ct. App. Aug. 23, 2007). Accordingly, we conclude that the initial filing, while timely, was subject to immediate dismissal for lack of jurisdiction.

The second filing, while supported by oath or affirmation, was filed beyond the expiration of the 60-day statute of limitations. Tennessee Code Annotated section 27-9-102 "requires that a petition for writ of certiorari be filed within [60] days from the entry of the judgment appealed from. Failure to file the petition within this time limit results in the challenged judgment becoming final, which deprives a reviewing court of jurisdiction over the matter." *Blair v. Tennessee Bd. of Prob. & Parole*, 246 S.W.3d 38, 40 (Tenn. Ct. App. 2007) (citations omitted). Despite this jurisdictional requirement, Rule 6.02 of the Tennessee Rules of Civil Procedure provides as follows:

> When by statute or by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may, *at any time in its discretion*, (1) with or without motion or notice order the period enlarged if request therefor is made *before* the expiration of the period originally prescribed or as extended by a previous order, *or* (2) upon motion made *after the*

*expiration* of the specified period permit the act to be done, *where the failure to act was the result of excusable neglect*, but it may not extend the time for taking any action under Rules 50.02, 59.01, 59.03 or 59.04, except to the extent and under the conditions stated in those rules. This subsection shall not apply to the time provided in Tennessee Rule of Appellate Procedure 4(a) for filing a notice of appeal, nor to the time provided in Tennessee Rule of Appellate Procedure 24(b) & (c) for filing a transcript or statement of evidence.

(Emphasis added.). Citing *Blair*, the Board asserts that the trial court was without jurisdiction to grant an enlargement of time because the initial filing was not *received* by the court within the time for filing such an extension. 246 S.W.3d at 41. (providing that an order granting an extension must be entered *prior* to the expiration of the statute of limitations).

Here, the second filing included an affidavit in which Petitioner alleged that he was unable to timely file a notarized petition as a result of "the failure of prison authorities to provide [him] access to notarized services." He asked the court to "stamp his writ as been filed in a timely manner and/or allow [him] to [file] supplemental affidavit or whatever this court deem proper in this case." In consideration of Petitioner's status as a pro se litigant, we hold that the trial court erred in not treating his request as a motion to extend the time for filing pursuant to Rule 6.02(2). *See Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) ("The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs."). Accordingly, we remand for further hearing on the issue of whether leave should be granted to permit the late filing of the verified petition as a result of excusable neglect. This decision is left to the discretion of the trial court.

## V.     CONCLUSION

With the above considerations in mind, we reverse the dismissal of the petition and remand for further proceedings consistent with this opinion. Costs of the appeal are taxed to the appellee, the Tennessee Board of Parole.

_____
JOHN W. McCLARTY, JUDGE