# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs September 3, 2025

## ASHLEY GOLDEN v. TENNESSEE BOARD OF PAROLE

**Appeal from the Circuit Court for Davidson County**
**No. 24C1595   Joseph P. Binkley, Jr., Judge**

_____

### No. M2025-00123-COA-R3-CV

_____

This action arises from the Tennessee Board of Parole's revocation of an inmate's parole. Following the inmate's filing of a petition for a writ of certiorari seeking judicial review, the trial court dismissed the action for failure to make partial payment of the required filing fee. We conclude that the trial court lacked subject matter jurisdiction. Accordingly, we vacate and remand for dismissal on this basis.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated; Case Remanded

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and KENNY ARMSTRONG, J., joined.

Ashley Nicole Golden, Nashville, Tennessee, pro se appellant.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin Gerald Owen, Assistant Attorney General, for the appellee, Tennessee Board of Parole.

## MEMORANDUM OPINION[1]

## I. BACKGROUND

Ashley Nicole Golden ("Petitioner") is an inmate in the custody of the Tennessee Department of Correction. The record reflects that Petitioner's parole was revoked by the Tennessee Board of Parole in late November of 2023. Petitioner filed an administrative appeal. The Tennessee Board of Parole denied that appeal through its final decision issued on April 19, 2024. Thereafter, Petitioner verified a petition for writ of certiorari on June 21, 2024, and filed it on June 27, 2024 in the Davidson County Circuit Court ("trial court").[2] The verification accompanying the petition includes Petitioner's wet signature and a notarization, both dated June 21, 2024. Petitioner filed an affidavit of indigency on September 9, 2024, along with a certified copy of her inmate trust fund account statement.

By order entered August 7, 2024, the trial court found that Petitioner was a prison inmate who had filed a civil action and that she had "not complied with the requirements of the law" by "[f]ailing to file the partial payment of the filing fee as required by T.C.A. 41-21-807." The court stated that the total filing fee was $284.50 and ordered Petitioner to comply with the statutory filing fee requirements within twenty days, warning that the case would be dismissed otherwise. Tennessee Code Annotated section 41-21-807 provides, in part:

> If an inmate brings a civil action or files an appeal in forma pauperis, the inmate shall be required to pay the full amount of the filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of twenty percent (20%) of the greater of the average monthly:

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2] It appears Petitioner intended to file in chancery court. The petition was addressed to "The Chancery Court Clerk Joseph Day, Nashville Metro Courthouse, Suite 3002 [sic], P.O. Box 196303, Nashville, Tennessee 37219-6303." The top of the petition is titled "IN THE CHANCERY COURT FOR THE STATE OF TENNESSEE TWENTIETH JUDICIAL DISTRICT DAVIDSON COUNTY AT NASHVILLE." However, the aforementioned address is associated with the Davidson County Circuit Court Clerk's Office, and Joseph Day is the Clerk of the Davidson County Circuit Court, so the petition was ultimately filed there.

(A) Deposits to the inmate's account; or

(B) Balance in the inmate's account for the six-month period immediately preceding the filing of the complaint or notice of appeal.

Tenn. Code Ann. § 41-21-807(b)(1); *see also Chambers v. Tenn. Bd. of Prob. & Parole*, No. M2007-00042-COA-R3-CV, 2008 WL 204111, at *2 (Tenn. Ct. App. Jan. 24, 2008) (holding that the trial court "was under no obligation to specify the initial partial payment" an inmate petitioner was required to make to proceed on a petition for a writ of certiorari seeking review of the Tennessee Board of Probation and Parole's decision and affirming dismissal of the action).

By final order entered December 19, 2024, the trial court dismissed the action for petitioner's failure "to file the partial payment of the filing fee as required by T.C.A. 41-21-807." Petitioner appealed.

## II.   ISSUE

The dispositive issue is whether the trial court had subject matter jurisdiction to adjudicate the petition.

## III.   STANDARD OF REVIEW

"The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it." *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000). "Subject matter jurisdiction involves the nature of the cause of action and the relief sought, and can only be conferred on a court by constitutional or legislative act." *Id.* (internal citations omitted). Whether subject matter jurisdiction exists is a question of law which we review de novo without a presumption of correctness. *Id.*; *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

## IV.   DISCUSSION

On appeal, Petitioner raises the issue of whether the trial court erred by dismissing the petition based on her failure to pay the initial partial filing fee pursuant to Tennessee Code Annotated section 41-21-807. Petitioner's argument does not address the specific basis for the trial court's dismissal of her petition, cites to no authority that the dismissal was improper, fails to reference the record, and does not state why the asserted error requires appellate relief. Tenn. R. App. P. 27(a)(6), (7). Upon review of the record, we conclude that the question of the trial court's subject matter jurisdiction is a threshold

inquiry and is dispositive of this appeal. *See Redwing v. Cath. Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012).

"The common-law writ of certiorari serves as the proper procedural vehicle through which prisoners may seek review of decisions by parole eligibility review boards and other similar administrative tribunals." *McLemore v. Traughber*, No. M2007-00503-COA-R3-CV, 2007 WL 4207900, at *6 (Tenn. Ct. App. Nov. 28, 2007) (citing *Willis v. Tenn. Dep't of Correction*, 113 S.W.3d 706, 712 (Tenn. 2003)); *see also Sepulveda v. Tenn. Bd. of Parole*, 582 S.W.3d 270, 274 (Tenn. Ct. App. 2018). A petition for a writ of certiorari must be filed within sixty days from the entry of the order or judgment from which the petitioner seeks review. Tenn. Code Ann. § 27-9-102; *Blair v. Tenn. Bd. of Prob. & Parole*, 246 S.W.3d 38, 40 (Tenn. Ct. App. 2007). "Failure to file the petition within this time limit results in the challenged judgment becoming final, which deprives a reviewing court of jurisdiction over the matter." *Blair*, 246 S.W.3d at 40 (citing *Wheeler v. City of Memphis*, 685 S.W.2d 4, 6 (Tenn. Ct. App. 1984)); *see also Summerall v. Tenn. Dep't of Correction*, No. M2002-02033-COA-R3-CV, 2004 WL 792179, at *1 (Tenn. Ct. App. Apr. 12, 2004) ("Tenn. Code Ann. § 27-9-102's deadline for filing a petition for common-law writ of certiorari, like Tenn. R. App. P. 4(a)'s deadline for filing a notice of appeal, is mandatory and jurisdictional.").

Here, the Tennessee Board of Parole denied Petitioner's appeal through its final decision issued on April 19, 2024. Sixty-nine days later, the petition was filed in the trial court on June 27, 2024. For purposes of ascertaining the date on which papers are filed with a court, the Tennessee Rules of Civil Procedure state:

> If papers required or permitted to be filed pursuant to the rules of civil procedure are prepared by or on behalf of a pro se litigant incarcerated in a correctional facility and are not received by the clerk of the court until after the time fixed for filing, filing shall be timely if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing. . . . Should timeliness of filing or service become an issue, the burden is on the pro se litigant to establish compliance with this provision.

Tenn. R. Civ. P. 5.06. The record does not indicate when Petitioner delivered the petition to the appropriate person at the correctional facility or when the petition was placed in the mail. However, the petition could not have been mailed or delivered for mailing prior to the date it was verified, notarized, and hand-signed by Petitioner, which was clearly June 21, 2024, sixty-three days after the Board of Parole's final disposition of the case. Accordingly, on its face, the petition was untimely filed in violation of the statutory time limit, and the trial court lacked subject matter jurisdiction.

"The lack of subject matter jurisdiction is so fundamental that it requires dismissal whenever it is raised and demonstrated." *Dishmon v. Shelby State Cmty. Coll.*, 15 S.W.3d

477, 480 (Tenn. Ct. App. 1999); Tenn. R. Civ. P. 12.08 ("[W]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Having now determined that the trial court lacked subject matter jurisdiction in this action, we "must vacate the judgment and dismiss the case without reaching the merits of the appeal." *Lowery v. Redmond*, No. W2021-00611-COA-R3-CV, 2022 WL 1618218, at *2 (Tenn. Ct. App. May 23, 2022) (quoting *Dishmon*, 15 S.W.3d at 480).

We acknowledge Petitioner's pro se status. "Pro se litigants who invoke the complex and technical procedures of the courts assume a very heavy burden." *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). Although a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000), "[p]ro se litigants are not . . . entitled to shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). Instead, pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere. *Diggs v. Lasalle Nat'l Bank Assoc., et al.*, 387 S.W.3d 559, 563 (Tenn. Ct. App. 2012); *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003). "This is especially true when compliance with the rules is necessary to invoke the court's subject matter jurisdiction." *Moore v. Tenn. Bd. of Parole*, No. M2020-00982-COA-R3-CV, 2021 WL 4472061, at *3 (Tenn. Ct. App. Sept. 30, 2021). With the foregoing considerations in mind, we vacate the trial court's judgment and remand the case for the trial court to dismiss the petition for writ of certiorari for lack of subject matter jurisdiction.

## V.     CONCLUSION

For the foregoing reasons, we vacate the judgment of the trial court. The case is remanded for the trial court to dismiss the petition for writ of certiorari for lack of subject matter jurisdiction. Costs of the appeal are taxed to the appellant, Ashley Nicole Golden.

_____
JOHN W. McCLARTY, JUDGE