IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 4, 2023

CHARLES MELTON, INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVE FOR THE ESTATE OF BETTY RUTH SHAW
MORGAN v. MICHAEL MELTON

Appeal from the Chancery Court for Knox County
No. 197562-2     Richard B. Armstrong, Jr., Chancellor

_____

No. E2023-00649-COA-R3-CV

_____

This is an action against the former attorney-in-fact of the decedent for breach of fiduciary duties and conversion. The trial court granted summary judgment against the attorney-in-fact and awarded damages to the estate. The attorney-in-fact appeals, contending the trial court did not have subject matter jurisdiction over the matters at issue because the power of attorney was based on Texas law and the actions alleged in the petition were performed in Texas, where he was a resident; however, he does not challenge the court's personal jurisdiction over him. He also contends that summary judgment was inappropriate because material facts were in dispute. Finding no error, we affirm.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

FRANK G. CLEMENT, JR., P.J., M.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN and KRISTI M. DAVIS, JJ., joined.

Daniel W. Starnes, Knoxville, Tennessee, for the appellant, Michael Melton.

David Kidd, Knoxville, Tennessee, for the appellees, Charles Melton, individually, and as Personal Representative for the Estate of Betty Ruth Shaw Morgan.

OPINION

FACTS AND PROCEDURAL HISTORY

At all times material to this action, Betty Ruth Shaw Morgan ("Ms. Morgan" or "Decedent"), was a resident of Knox County, Tennessee. She died intestate on September

18, 2017, and is survived by two sons, Charles Melton ("Charles"), a resident of Tennessee, and Michael Melton ("Michael"), a resident of Texas.[1]

On October 6, 2017, the Knox County Probate Court appointed Charles to serve as personal representative for the Estate of Betty Ruth Shaw Morgan ("the Estate"). Because Ms. Morgan owned property in Texas, Charles also filed a petition to be granted letters of administration over her ancillary estate there. But Michael objected to the appointment, and as of the filing of this appeal, Ms. Morgan's Texas estate had no personal representative.

Charles, individually and as Personal Representative for the Estate of Betty Ruth Shaw Morgan, commenced this action on March 1, 2019, in the Chancery Court for Knox County, Tennessee. Charles alleged in the complaint that Ms. Morgan had been a resident of Knox County, Tennessee, for at least eight years; that Michael brought a Durable Power of Attorney form to Ms. Morgan's house in Knoxville that named Michael as her attorney-in-fact for virtually all of her real estate and financial matters; that Ms. Morgan executed the power of attorney on June 20, 2017; and that Michael breached his fiduciary duty to her by misappropriating a large portion of her estate for his own use and benefit in the weeks before she died. In particular, Charles alleged that Ms. Morgan had approximately $480,000 in various bank accounts when she executed the power of attorney, $285,000 of which was held in accounts that named Charles as the pay-on-death beneficiary. Charles averred that, as a result, the Estate suffered damages in the amount of $164,173 and he suffered damages in the amount of $155,000. Based on these allegations, Charles asserted claims for breach of fiduciary duty and conversion.[2]

Michael responded to the complaint by filing a motion to dismiss for lack of subject matter jurisdiction under Tennessee Rule of Civil Procedure 12.02(1).[3] Michael argued that the court lacked jurisdiction because the power of attorney was subject to Texas law; Michael was a resident of Texas; and the accounts from which he allegedly transferred money were in Texas. Charles filed a response in opposition to the motion, stating, *inter alia*, that Michael traveled to Tennessee to obtain the power of attorney from Ms. Morgan; that Michael performed his services, at least in part, in Tennessee; and that Michael breached his fiduciary duty to a resident of Tennessee, Ms. Morgan. Therefore, Charles argued, the cause of action arose in Tennessee. Charles also noted that Michael had not

---

[1] Ms. Morgan's husband predeceased her.

[2] The complaint also alleged that Ms. Morgan was not competent to execute the power of attorney and that Michael exerted undue influence over her to obtain the power of attorney. Each of these claims was voluntarily dismissed, leaving only the claims for breach of fiduciary duty and conversion.

[3] As Charles correctly points out, Michael has not challenged the court's personal jurisdiction over him.

challenged the fact that the court had personal jurisdiction over him and that he was only challenging subject matter jurisdiction.

After a hearing, the trial court denied Michael's Motion to Dismiss for lack of subject matter jurisdiction without explanation.

Michael then filed an answer to the complaint, denying that he breached his fiduciary duties to Ms. Morgan or that he converted her property to his own. However, Michael admitted to most of the remaining factual allegations, including that their mother was a resident of Knox County, Tennessee, where the power of attorney was executed.

Thereafter, Charles filed a motion for summary judgment supported by a memorandum of law and a statement of undisputed material facts. Michael filed a response opposing the motion along with a memorandum of law and a response to Charles's Statement of Undisputed Material Facts. Again, Michael admitted to all but one of the factual statements. But he also filed a statement of "additional" undisputed facts in which he denied that he breached his fiduciary duty or converted Ms. Morgan's funds.

In an order entered on October 30, 2020, the trial court granted Charles's Motion for Summary Judgment. The trial court held that Michael's affidavit failed to establish a dispute of material fact and whether he breached his fiduciary duties and whether his actions constituted conversion were questions of law:

> [Charles], in [his] Statement of Undisputed Material Facts, painstakingly and thoroughly document[s Michael's] actions as they pertain to Decedent's accounts. [Michael's] response to [Charles's] Statement [of Undisputed Material Facts] admits, with the exception of the date of the execution of the Power of Attorney noted above, that [Michael] took every action listed by [Charles]. Because every fact was admitted to and not disputed, the Court hereby adopts and incorporates [Charles's] Statement of Undisputed Material Facts with the sole exception of the execution date of the Power of Attorney.
>
> [Michael], however, argues that there are genuine issues of material fact in dispute. Specifically, [Michael] disputes that he misused his authority under the Power of Attorney or breached his fiduciary duties under the same and that those actions do not constitute conversion. The Court notes that these are legal conclusions and not disputed facts that would defeat a motion for summary judgment. . . .

.     .     .     .

The Court is left with [Charles's] Statement of Undisputed Material Facts to which [Michael] admitted in its entirety. In that Statement, Decedent executed a Power of Attorney in favor of [Michael]. Under authority of that Power of Attorney, [Michael] drained the bank account of Decedent and used the funds to buy himself multiple vehicles and a recreational vehicle. [Michael] also caused cashier checks to be issued to himself and Charles.

Based on these and other undisputed facts, the court determined that Charles was entitled to judgment as a matter of law on his breach of fiduciary duty and conversion claims:

The type of self-dealing as exhibited by [Michael] is a classic example of a breach of fiduciary duty. Not only did [Michael] drain Decedent's bank accounts, [but he also] did not use any of that money for Decedent's benefit. The sole fact in the record before the Court that shows that [Michael] acted in the benefit of the Decedent in his actions under the Power of Attorney is the paying of one of Decedent's bill[s]. This bill was paid for by the very [few] funds left in one of Decedent's bank account[s]. The other actions all exhibit a lack of good faith towards Decedent's property. The Court finds that [Michael] breached his fiduciary duties in his self-dealing with Decedent's property.

.    .    .    .

[Michael] has admitted that his actions in his dealings with Decedent's bank accounts were intentional. Furthermore, [Michael] has admitted that it was his intent to remove the money from Decedent's accounts and [that] the only reason he did not [remove money from] some of the accounts was due to his lack of knowledge of those accounts. [Michael] used the funds from Decedent's accounts to purchase two vehicles as well as a recreational vehicle for himself. He also transferred some of the funds to his brother, [Charles]. The record also shows that [Michael] was not entitled to any of the money that he withdrew at the time he exercised his authority under the Power of Attorney.

After further proceedings, Charles was awarded a judgment against Michael for $81,128.83 in compensatory damages, to accrue pre-judgment interest at the rate of ten percent (10%) per annum from March 1, 2019. The court also awarded judgments against Michael for punitive damages in the amount of $150,000 and for attorney's fees and expenses in the amount of $18,473.04.

This appeal followed.

- 4 -

The issues, as framed by Michael, read:

1. Whether the trial court erred in denying Respondent/Appellant's Motion to Dismiss for lack of subject matter jurisdiction as the Power of Attorney was a Texas Statutory Durable Power of Attorney governed by the State of Texas and all the actions alleged by in the Petition were performed in Texas and the Respondent/Appellant was and is a resident of Texas.

2. Whether the trial court erred in finding that Respondent/Appellant's statements contained in his affidavit were insufficient to establish a dispute as to a genuine material fact to defeat Petitioner/Appellee's Motion for Summary Judgment.

## STANDARD OF REVIEW

This court reviews a trial court's decision on a motion for summary judgment de novo without a presumption of correctness. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015). Accordingly, this court must make a fresh determination of whether the requirements of Tennessee Rule of Civil Procedure 56 have been satisfied. *Id.*; *Hunter v. Brown*, 955 S.W.2d 49, 50 (Tenn. 1997). In so doing, we accept the evidence presented by the nonmoving party as true, consider the evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in that party's favor. *Godfrey v. Ruiz*, 90 S.W.3d 692, 695 (Tenn. 2002).

Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. "The moving party has the ultimate burden of persuading the court that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). As our Supreme Court explained in *Rye v. Women's Care Center of Memphis, MPLLC*:

> [W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense.

477 S.W.3d at 264 (emphasis in original). However, "if the moving party bears the burden of proof on the challenged claim at trial, that party must produce at the summary judgment

stage evidence that, if uncontroverted at trial, would entitle it to a directed verdict." *TWB Architects, Inc. v. Braxton, LLC*, 578 S.W.3d 879, 888 (Tenn. 2019).

To survive when a party files a properly supported motion for summary judgment pursuant to Rule 56, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond and set forth specific facts by affidavits—or one of the other means provided in Tennessee Rule of Civil Procedure 56—establishing that there is a genuine issue for trial. *Rye*, 477 S.W.3d at 265 (quoting Tenn. R. Civ. P. 56.06). "Whether the nonmoving party is a plaintiff or a defendant—and whether or not the nonmoving party bears the burden of proof at trial on the challenged claim or defense— at the summary judgment stage, '[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.'"[4] *TWB Architects, Inc.*, 578 S.W.3d at 889 (alteration in original) (quoting *Rye*, 477 S.W.3d at 265).

## ANALYSIS

### I. SUBJECT MATTER JURISDICTION

Michael contends that the court lacked subject matter jurisdiction[5] because Decedent executed a "Texas" power of attorney form, which he contends was governed by the laws of the State of Texas, and because the actions alleged in the petition were performed in Texas, where he was a resident. Nevertheless, as Michael acknowledges in his appellate brief, "There is little question that the trial court . . . would have subject matter jurisdiction to hear a breach of fiduciary duty claim that arose out of a breach of the Tennessee Uniform Durable Power of Attorney Act."

"Subject matter jurisdiction refers to the power of a court to adjudicate the particular category or type of case brought before it." *Turner v. Turner*, 473 S.W.3d 257, 269–70 (Tenn. 2015). Jurisdiction of the subject matter is conferred by the Constitution and statutes. *Kane*, 547 S.W.2d at 560. The question of whether a court has subject matter jurisdiction "is a pure question of law, which is reviewed *de novo,* with no presumption of correctness in the trial court's decision." *Blair v. Tennessee Bd. of Prob. & Parole*, 246 S.W.3d 38, 40 (Tenn. Ct. App. 2007) (citing *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999)).

---

[4] As the Supreme Court explained in *TWB Architects, Inc. v. Braxton, LLC*, "[t]his is the standard Tennessee courts must apply when ruling on summary judgment motions regardless of which party bears the burden of proof at trial." 578 S.W.3d at 889.

[5] Michael does not challenge the fact that the court has personal jurisdiction over him. Jurisdiction of the subject matter is conferred by the Constitution and statutes; jurisdiction of the parties is acquired by service of process. *Kane v. Kane*, 547 S.W.2d 559, 560 (Tenn. 1977).

Chancery courts are courts of general jurisdiction. *In re D.Y.H.*, 226 S.W.3d 327, 330 (Tenn. 2007). Under Tennessee Code Annotated § 16-11-101, chancery courts have "all the powers, privileges and *jurisdiction properly and rightfully incident to a court of equity*." (Emphasis added). As is further explained in Gibson's Suits in Chancery, "the equitable or inherent jurisdiction of the Chancery Court includes all cases of an equitable nature." William H. Inman, GIBSON'S SUITS IN CHANCERY § 3 (7th ed. 1988). These cases include "all actions to prevent the doing of an illegal or inequitable act to the injury of plaintiff's property rights, or interests." *Id.* Moreover, under Tennessee Code Annotated § 16-11-102, chancery courts have "concurrent jurisdiction, with the circuit court, of all civil causes of action, triable in the circuit court, except for unliquidated damages for injuries to person or character, and except for unliquidated damages for injuries to property not resulting from a breach of oral or written contract; *and no demurrer for want of jurisdiction of the cause of action shall be sustained in the chancery court, except in the cases excepted*." Tenn. Code Ann. § 16-11-102 (emphasis added).

Michael has not argued that Charles's claims fell under "the cases excepted" in § 16-11-102. Instead, Michael asserts that the power of attorney was subject to Texas Estate Code Annotated § 751.031, which he interprets as authorizing attorneys-in-fact to make gifts to themselves if the attorney-in-fact is "an ancestor, spouse, or descendant of the principal." *See* Tex. Est. Code Ann. § 751.031(c). Michael also relies on Texas Estate Code Annotated § 751.032(d), which permits an attorney-in-fact to gift a principal's property "consistent with the principal's objectives" or "best interest." *Id.*

Without further citation to legal authority, Michael contends that these sections establish that he "had the right to convey gifts to himself as agent under the Statutory Durable Power of Attorney" and that he "cannot be held civilly liable in Tennessee for actions that are allowed under the Texas Estate Code." But these arguments are misplaced because they relate to whether Michael breached his duty—not whether the Chancery Court of Knox County, Tennessee, had "power . . . to adjudicate the particular category or type of case brought before it." *Turner*, 473 S.W.3d at 269–70;

Although Michael's authority to act on behalf of Ms. Morgan was based, in part, on Texas law, the prayer for relief in the complaint does not seek—and the petitioners were not granted—title or possession to any Texas real property. The complaint merely seeks an award of damages for the funds wrongly converted by Michael's breach of his fiduciary duty to Mrs. Morgan. Thus, the fact the power of attorney form is a Texas form and the powers granted to Michael are further explained in the Texas Estate Code does not strip the Chancery Court of Knox County, Tennessee, of subject matter jurisdiction to determine whether Michael breached the fiduciary duties he owed to his mother. *See Sanders ex rel. Minter v. Harbor View Nursing & Rehab. Ctr., Inc.*, No. W2014-01407-COA-R3-CV, 2015 WL 3430082, at *1 (Tenn. Ct. App. May 29, 2015) (construing Minnesota statutory durable power of attorney to determine scope of fiduciary's duties).

"Whether a court has subject matter jurisdiction to hear a particular controversy depends upon the nature of the cause of action and the relief sought." *State ex rel. Com'r of Dep't of Transp. v. Thomas*, 336 S.W.3d 588, 602 (Tenn. Ct. App. 2010) (citing *Landers v. Jones*, 872 S.W.2d 674, 675 (Tenn. 1994)). Tennessee chancery courts have concurrent jurisdiction with circuit courts over "all civil causes of action, triable in the circuit court, except for unliquidated damages for injuries to person or character, and except for unliquidated damages for injuries to property not resulting from a breach of oral or written contract." Tenn. Code Ann. § 16-11-102. "A liquidated claim exists if the plaintiff has made a demand for a specific sum . . . because such a claim is certain and known to the defendant before the suit is filed." *PNC Multifamily Cap. Institutional Fund XXVI Ltd. P'ship v. Bluff City Cmty. Dev. Corp.*, 387 S.W.3d 525, 557–58 (Tenn. Ct. App. 2012) (quoting 22 Am. Jur. 2d Damages § 465).

This is a civil action for breach of fiduciary duty and conversion seeking damages in a sum-certain amount. Thus, the Knox County Chancery Court had subject matter jurisdiction to hear the case.

## II. SUMMARY JUDGMENT

For his second issue, Michael contends the trial court erred in finding that the statements in his affidavit were insufficient to establish a genuine dispute of material fact to defeat Charles's Motion for Summary Judgment. It is important to note that this challenge is based entirely on the statement of *additional* undisputed facts that Michael filed in support of his response to Charles's Motion for Summary Judgment. It is also important to note that Michael admitted all but one of the 63 facts set forth in Charles's Statement of Undisputed Material Facts, which Charles relied on in support of his motion for summary judgment.

As the trial court correctly found:

[Charles], in [his] Statement of Undisputed Material Facts, painstakingly and thoroughly document[s Michael's] actions as they pertain to Decedent's accounts. [Michael's] response to [Charles's] Statement admits, with the exception of the date of the execution of the Power of Attorney noted above, that [Michael] took every action listed by [Charles]. Because every fact was admitted to and not disputed, the Court hereby adopts and incorporates [Charles's] Statement of Undisputed Material Facts with the sole exception of the execution date of the Power of Attorney.

Thus, the issue before us is limited to Michael's contention that the trial court erred in finding the facts set forth in his Statement of *Additional* Undisputed Material Facts were insufficient to establish a genuine dispute of material fact to defeat Charles's Motion for Summary Judgment.

The only *additional* fact Michael relies on that pertains to the performance of his duties as his mother's attorney-in-fact is indeed conclusory, as the trial court correctly found. It reads: "As the power of attorney for Betty Ruth Shaw Morgan, Michael Melton at all times acted with the utmost good faith, honesty, and loyalty to his mother, Betty Ruth Shaw Morgan." And as we have previously noted, "[m]ere conclusory statements are insufficient to create a dispute of fact when the moving party presents specific facts sufficient to support a motion for summary judgment." *Lee v. Franklin Special Sch. Dist. Bd. of Educ.*, 237 S.W.3d 322, 331 (Tenn. Ct. App. 2007) (citing *Byrd v. Hall*, 847 S.W.2d 208, 211 (Tenn. 1993)).

And as the trial court correctly held, Michael failed to present or identify facts to support this conclusory statement:

> [Michael] . . . argues that there are genuine issues of material fact in dispute. Specifically, [Michael] disputes that he misused his authority under the Power of Attorney or breached his fiduciary duties under the same and that those actions do not constitute conversion. The Court notes that these are legal conclusions and not disputed facts that would defeat a motion for summary judgment.
>
> .    .    .    .    .
>
> . . . . The Court is left with [Charles's] Statement of Undisputed Material Facts to which [Michael] admitted in its entirety. In that Statement, Decedent executed a Power of Attorney in favor of [Michael]. Under authority of that Power of Attorney, [Michael] drained the bank account of Decedent and used the funds to buy himself multiple vehicles and a recreational vehicle. [Michael] also caused cashier checks to be issued to himself and [Charles]. . . .
>
> .    .    .    .    .
>
> The type of self-dealing as exhibited by [Michael] is a classic example of a breach of fiduciary duty. Not only did [Michael] drain Decedent's bank accounts, [Michael] did not use any of that money for Decedent's benefit. The sole fact in the record before the Court that shows that [Michael] acted in the benefit of the Decedent in his actions under the Power of Attorney is the paying of one of Decedent's bill. This bill was paid for by the very little funds left in one of Decedent's bank account. The other actions all exhibit a lack of good faith towards Decedent's property. The Court finds that [Michael] breached his fiduciary duties in his self-dealing with Decedent's property.

With regard to the conversion claim, the court found, in pertinent part:

> [Michael] has admitted that his actions in his dealings with Decedent's bank accounts were intentional. Furthermore, [Michael] has admitted that it was his intent to remove the money from Decedent's accounts and the only reason he did not in some of the accounts was due to his lack of knowledge of those accounts. [Michael] used the funds from Decedent's accounts to purchase two vehicles as well as a recreational vehicle for himself. He also transferred some of the funds to his brother, [Charles]. The record also shows that [Michael] was not entitled to any of the money that he withdrew at the time he exercised his authority under the Power of Attorney.

As noted above, Michael's only challenge to the grant of summary judgment in favor of Charles is based on the contention that the trial court erred in finding that the statements in his affidavit in support of his Statement of Additional Undisputed Facts were insufficient to establish a dispute as to a genuine material fact to defeat Charles's motion for summary judgment. Finding no merit to this argument, we affirm the grant of summary judgment.[6]

**IN CONCLUSION**

The judgment of the trial court is affirmed in all respects, and this matter is remanded to the trial court for further proceedings consistent with this opinion. Costs of appeal are assessed against the appellant, Michael Melton, for which execution may issue.

_____
FRANK G. CLEMENT JR., P.J., M.S.

---

[6] Michael does not challenge the amount of the awards of compensatory damages, punitive damages, or attorney's fees. Thus, we do not discuss them in this opinion.